Behrend, Appellant, *v.* Bell Telephone Company
of Pennsylvania.

Argued May 21, 1968.   Before BELL, C. J., MUSMAN-
NO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Mark B. Aronson,* with him *Behrend & Aronson,* for
appellants.

*B. A. Karlowitz,* with him *J. Kent Culley, Henry
S. Pool,* and *Patterson, Crawford, Arensberg & Dunn,*
for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, July 1, 1968:

This is an appeal from the Decree of the lower Court sustaining preliminary objections of the defendants, The Bell Telephone Company of Pennsylvania (hereinafter called "Bell") and The Reuben H. Donnelley Corporation (hereinafter called "Donnelley"), and dismissing plaintiffs' complaint in this *equity* action.

On January 23, 1968, Kenneth W. Behrend, an attorney at law, and Behrend and Aronson, a law partnership, filed a complaint in equity against Bell and Donnelley to compel defendants to republish or amend the 1967 white pages and yellow pages of the telephone directory for the City of Pittsburgh and vicinity. Basically, the complaint avers that in April 1967, Behrend requested Bell to change his telephone listing to that of "Kenneth W. Behrend and Mark B. Aronson, and Behrend and Aronson"; and that in September 1967, Bell issued to its subscribers a directory which did not contain the name, business address and telephone number of Behrend. It further alleged that Donnelley published the yellow pages of the directory and that in December 1967, the yellow pages omitted the name, business address and telephone number of Behrend.

Appellants prayed that Bell and Donnelley cause the name, business address and telephone number of Behrend to be inserted in the proper place in each and every copy of the white (September directory) and in the yellow pages of the December 1967 telephone directory, or, as an alternative, the defendants cause the name, business address and telephone number of Behrend to be inserted in a listing of errors and omissions, to be distributed to all persons and entities who received the 1967 telephone directories.

Preliminary objections were filed to the complaint; these alleged that *equity* had no original jurisdiction

since the matter falls within the exclusive jurisdiction of the Pennsylvania Public Utility Commission.

Section 401 of the Public Utility Law, Act of May 28, 1937, P. L. 1053, §401, 66 P.S. §1171, provides that: "Every public utility shall furnish and maintain adequate, efficient, safe, and reasonable service and facilities, and shall make all such . . . changes, alterations, substitutions, extensions, and improvements . . . as shall be necessary or proper for the accommodation, convenience, and safety of its patrons . . . and the public. . . . Such service and facilities shall be in conformity with the regulations and orders of the commission. . . ."

Furthermore, §20 of the Public Utility Law, supra, art. I, §2, as amended, defines "service" as follows: " 'Service' is used in this act in its broadest and most inclusive sense, and includes any and all acts done, rendered, or performed, and any and all things furnished or supplied, and any and all facilities used, furnished, or supplied by public utilities . . . in the performance of their duties under this act to their patrons, employes, other public utilities, and the public, . . ."

Section 413 of the Public Utility Law, supra, provides: "Whenever the commission . . . upon its own motion or upon complaint, finds that the service or facilities of any public utility are unreasonable, unsafe, inadequate, insufficient, or unreasonably discriminatory, or otherwise in violation of this act, the commission shall determine and prescribe, by regulation or order, the reasonable, safe, adequate, sufficient, service or facilities to be . . . furnished. . . ."

Pursuant thereto, the Public Utility Commission has promulgated and prescribed regulations for telephone companies subject to its jurisdiction. Rule 11 of such Regulations concerns telephone directories, and

provides as follows: "Directories shall be revised and reissued at sufficiently frequent intervals to avoid serious inconvenience to the public. A satisfactory length for a directory period shall be determined by the volume of changes and new listings and the facilities available for intercepting calls to numbers which have been changed and for supplying new numbers to calling parties.

"A copy of each new directory issue shall be furnished to each subscriber and one copy sent to the Commission by the issuing public utility at the time of its distribution to subscribers.

"Each directory shall contain: (1) The name of the issuing public utility. (2) The month and year issued. (3) A statement of the area covered by the directory. (4) Necessary instructions to enable subscribers to place calls efficiently and to transact business with the telephone company, such as payment of bills, ordering changes in service and reporting service difficulties."

The Public Utility Commission has been vested by the Legislature with exclusive original jurisdiction over the reasonableness, adequacy and sufficiency of public utility services, including telephone services and directories.

In *Lansdale Borough v. Philadelphia Electric Company*, 403 Pa. 647, 170 A. 2d 565, the Court pertinently said (page 650): "Although we still possess the right of judicial scrutiny over the acts of the PUC,[5] no principle has become more firmly established in Pennsylvania law than that the courts will not orig-

---

[5] *"Cheltenham and Abington Sewerage Co. v. Pa. P.U.C.*, 344 Pa. 366, 25 A. 2d 334 (1942), at 372: 'The review of orders of the commission by the courts is a judicial function whereby it is determined whether the commission has acted within its delegated powers and within the constitution.' "

inally adjudicate matters within the jurisdiction of the PUC. Initial jurisdiction in matters concerning the relationship between public utilities and the public is in the PUC—not in the courts."

See, also, *Chester County v. Philadelphia Electric Company*, 420 Pa. 422, 218 A. 2d 331.

Plaintiffs' complaint should have been brought before the Public Utility Commission instead of in equity.

Decree affirmed, each party to pay own costs.

Mr. Justice COHEN concurs in the result.

Mr. Justice MUSMANNO dissents.