## Behrend v. Bell Telephone Company of Pennsylvania (No. 2)

*James E. Beasley* and *Mark B. Aronson*, for plaintiff.

*Bela A. Karlowitz, Henry S. Pool* and *Tucker, Arensburg & Ferguson*, for defendant.

McLEAN, J., November 10, 1972.—This case involves an action in trespass against the Bell Telephone Company of Pennsylvania, a corporation (Bell), and The Reuben H. Donnelley Corporation, a corporation, by plaintiff, Kenneth W. Behrend, a subscriber to Bell's telephone services. Plaintiff filed an amended complaint which, as to Bell, alleged four causes of action: First, that Bell negligently omitted his business address and telephone number from the 1968 edition of the white pages telephone directory in use in the Pittsburgh area; second, that Bell negligently omitted his name, business address and telephone number from the 1968 edition of the yellow pages

classified directory in use in the Pittsburgh area; third, that Bell negligently failed to list his business telephone number with its information or directory assistance operator for approximately nine months in 1967 and early 1968; and fourth, that Bell willfully and maliciously interfered with his practice of law.

To the amended complaint, Bell filed preliminary objections that plaintiff's complaint failed to state a cause of action against Bell and failed to comply with the Pennsylvania Rules of Civil Procedure, particularly with rule 1019.

Arguments on the preliminary objections were made in April 1971, before the court en banc, consisting of Judges Alpern, Watson and Silvestri. The court en banc, in an opinion written by Silvestri, J., held that the complaint did state a cause of action in trespass, and declined to sustain the preliminary objections regarding permissible content and form of a pleading: Behrend v. Bell Telephone Co. 53 D. & C. 2d 421 (1971).

At the pretrial conference, held before this member of the court in September 1972, Bell petitioned to amend its new matter to include paragraph 140(b), in which a limitation of liability under a tariff provision, filed with the Public Utility Commission, was asserted. This court, following rules 126, 212 and 1033 of the Rules of Civil Procedure and the direction of the Supreme Court that amendments should be permitted liberally, Kilian v. Allegheny County Distributors, 409 Pa. 344 (1962), allowed the amendment. It was made clear to the parties by the court that the allowance of this amendment was a procedural matter and that the court was not passing upon the merits of the defense added by the amendment. Although it is argued in plaintiff's brief that the court committed error in permitting this amendment to be

filed by Bell, we believe, under the rules and decision cited above, that the amendment properly was allowed.

Plaintiff then filed a motion to strike paragraph 140(b), Bell's amended new matter, attacking the validity of the defense. Oral argument thereon was heard October 18, 1972. It should be noted that permitting an amendment is an entirely different question from whether that amendment, once allowed, should be stricken. It may be that the attack might be more accurately called a preliminary objection in the nature of a demurrer to the defense, or as a motion for judgment on the pleadings as to the newly added defense. But the name is not important.

Plaintiff contends that paragraph 140(b) should be stricken under Rule 1017(b)(2) as not conforming to law, for the following reasons:

1. It is contra to the Public Utility Code of May 28, 1927, P. L. 1053, art. XIII, sec. 1310, 66 PS §1500.

2. It is contra to section 575 of the Restatement, Contracts, because it is an illegal bargain for exemption from liability for willful or negligent misconduct.

3. Under Pennsylvania law, a subscriber for telephone service may maintain an action for damages upon the utility company's failure to provide him with a telephone listing under his subscription contract: Siter v. Bell, 6 D. & C. 257 (1925).

4. Judge Silvestri of this court already has held that the tariff provisions raised by Bell in its new matter constitute an illegal bargain as defined in the Restatement, Contracts, §575, and are contra to The Public Utility Code of May 28, 1937, P. L. 1053, art. XIII, sec. 1310, 66 PS §1500; Behrend v. Bell Telephone Co., 53 D. & C. 2d 421 (1971).

5. The tariff asserted by Bell is part of a contract of adhesion: Galligan v. Arovitch, 421 Pa. 301 (1966).

The pertinent portion of the tariff is as follows:

"The Telephone Company, except as provided herein, shall not be liable for damage claimed on account of errors in or omissions from its directories nor for the result of the publication of such errors in the directory, nor will the Telephone Company be a party to controversies arising between customers or others as a result of listings published in its directories. Claims for damages on account of interruptions to service due to errors in or omissions of directory listings will be limited to an amount equivalent to the proportionate charge for that part of the customer's service which is impaired, but not to exceed one-half the local service charges for the service items affected for the period from the date of issuance of the directory in which the mistake occurred to the date of issuance of a new directory containing the proper listing."

After considering the authorities cited in the very able briefs filed by the attorneys for both sides, we have come to the conclusion, as did Judge Cavanaugh in Mandel v. The Bell Telephone Company of Pennsylvania, 48 D. & C. 2d 199, 202 (1969), that there is no Pennsylvania appellate court decision directly on point.

Shapiro v. The Bell Telephone Co. of Penna., 92 Pitts. L. J. 10 (1942), was an Allegheny County case involving an inaccurate directory listing. Plaintiff's recovery was limited to $16 because of the instant tariff. The court stated, at page 10:

"We consider the regulation permitting the utility to contract against liability for its own negligence, no matter how substantial the loss to the helpless subscriber, to be unreasonable and against public policy, and if the case were here presented for the first time we would so hold. However, the contrary rule has been well established by the considered opinions of

the higher tribunals, all of which must be respected and the regulation upheld accordingly."

Unfortunately, the court did not cite any of the opinions upon which it based its decision, and, as we have stated previously, we have been unable to find any appellate court decisions in Pennsylvania which are on point with the instant case.

Triangle Furn. & App., Inc. v. Bell Tel. Co., 109 Pitts. L. J. 205 (1961), was an Allegheny County case involving an alleged failure of Bell to perform its contract regarding plaintiff's address and telephone number. Bell filed an answer containing, as new matter, the instant tariff which limited its liability. The court's rationale for allowing Bell to plead the tariff and thereby limit its liability was that the tariff limited liability but did not exempt liability for negligence. As authority, the court cited Shapiro, Melnick v. National Airlines, 189 Pa. Superior Ct. 316 (1959); McTighe v. New England Telephone and Telegraph Co., 216 F. 2d 26 (2d Cir., 1954); and Western Union Telegraph Co. v. Esteve Bros. and Co., 256 U. S. 566 (1921). In none of these cases, nor in Triangle itself, was language similar to that contained in section 1310 of the Public Utility Code of Pennsylvania considered.

Section 1310 of the Public Utility Code provides:

"If any person or corporation shall do or cause to be done any act, matter, or thing prohibited or declared to be unlawful by this act, or shall refuse, neglect, or omit to do any act, matter, or thing enjoined or required to be done by this act, such person or corporation shall be liable to the person or corporation injured thereby in the full amount of damages sustained in consequence thereof: Provided, That the liability of public utilities, contract carriers by motor vehicles, and brokers for negligence, as

heretofore established by statute or by common law, shall not be held or construed to be altered or repealed by any of the provisions of this act: And provided further, That the recovery in this section authorized shall in no manner affect a recovery by the Commonwealth of the penalty prescribed in section one thousand three hundred one of this act for such violations of this act": Act of May 28, 1937, P. L. 1053, art. XIII, sec. 1310, 66 PS §1500.

Without reaching plaintiff's other arguments regarding section 575 of the Restatement, Contracts, and the Galligan case regarding contracts of adhesion, it is this court's opinion that, on its face, section 1310 of the Public Utility Code would appear to cause the limitations of liability for negligence, contained in the tariff asserted by Bell, to be ineffective. However, as we have stated, there does not appear to be any Pennsylvania appellate court decision interpreting this section, as applied to the circumstances of this case.

It is the holding of the court that the amended new matter filed by defendant Bell is contrary on its face to section 1310 of the Public Utility Code, and, therefore, that paragraph 140(b) of Bell's amended new matter should be stricken. As this ruling by the court is interlocutory in nature, it will have the effect of causing this case finally to go to trial on the merits of the allegations contained in the complaint. As we understand it, the tariff is strictly a legal defense, and may be raised before the court en banc and on appeal by Bell should plaintiff be successful in proving his case and gaining an award.

It is our belief that it is a question of great importance whether or not a tariff filed with the Public Utility Commission, limiting potential liability to the consumers of its services for negligence by the

public utility, only can be argued on its merits before the Public Utility Commission. It should be obvious that the average user of telephone service neither will have the resources nor the inclination to evaluate and argue against tariffs filed with the Public Utility Commission. This would appear to be the reason for the inclusion of section 1310 in the Public Utility Code, that is, to protect consumers of utility services from a limitation on liability such as the one here asserted. This is a question which should be decided by the appellate courts of Pennsylvania, particularly in light of current trends in the law enlarging the protection of consumers of goods and services. Ready examples are the doctrine of strict liability in tort under section 402A of the Restatement 2d, Torts, and the doctrine of unconscionability under the Uniform Commercial Code of April 6, 1953, P. L. 3.

We do not believe that Judge Silvestri's opinion passed upon the validity of the tariff limitations, as argued by plaintiff, for the reason that the tariff limitations were not before the court at that time, but were added as amended new matter following the pretrial conference held in September 1972. However, Judge Silvestri's opinion does bear upon the instant motion because we believe, as did the court en banc, that justice will not be served by a refusal to allow this law suit to be tried on its merits:

"An initial suit in equity was filed by plaintiff in this court in 1968, seeking equitable relief for defendant's failure to list his name in its directories and with its information operators. The complaint was dismissed. The Supreme Court sustained the dismissal on the grounds that the Pennsylvania Public Utility Commission has exclusive jurisdiction over plaintiff's claim: Behrend v. Bell Tel. Co. of Pa., 431 Pa. 63 (1968). Immediately thereafter, a bill in equity was

filed in this court as well as a complaint before the Public Utility Commission. The bill was again dismissed by this court and the relief requested before the Public Utility Commission was denied, although the complaint was a precipitating factor in an investigation conducted by the Public Utility Commission: Behrend v. Bell Telephone Co. of Pa., P. U. C. Docket No. 18558, Investigation Docket No. 102, 117 P. L. S. 187. Finally, a complaint sounding in assumpsit and based on a theory of unjust enrichment was dismissed on preliminary objections by this court on June 22, 1970. On appeal to the Supreme Court, the dismissal was again sustained:Behrend v. Bell Telephone Co. of Pa., 440 Pa. 645. The original complaint in the instant case was attacked by preliminary objections which were sustained with leave to amend. An amended complaint was filed to which preliminary objections were again filed in the nature of a demurrer and objections to verbosity, which are now before us for disposition." Page 422.

". . .

"As we have noted above, this is plaintiff's fourth attempt to have a hearing on the merits of his claim; we do not believe that justice will be served by a refusal now to hear the complaint on the technical grounds of the form of the pleading." Page 424.

"The major issue in this case and the one which plaintiff has repeatedly attempted to have resolved in his favor is whether the facts as recited in the five counts of the complaint establish a cause of action which plaintiff is entitled to have passed on by a jury." Page 425.

See Mandel v. The Bell Telephone Co. of Pennsylvania, 48 D. & C. 2d 199 (1969), where Bell's pleading of this tariff as new matter was followed by a motion for summary judgment on the pleadings for the

amount of the liability contained in the tariff, which motion was granted, a ruling which prevented plaintiff from presenting his case on the merits for determination by a jury.

Finally, it should be noted that Behrend v. Bell Telephone Co. of Pa., 431 Pa. 63 (1968), and Cray v. Pa. Greyhound Lines, Inc., 177 Pa. Superior Ct. 275 (1955), are not helpful.

Behrend involved a suit in equity by the instant plaintiff seeking to have Bell republish or amend its 1967 telephone directories. No issue of damages was argued, the instant tariff was not raised as a defense and section 1310 of the Public Utility Code was not considered.

Cray involved a loss of luggage and a tariff limitation on liability under the Interstate Commerce Act. Language similar to section 1310 was considered in the case but was not controlling, because the prohibition of limitation of liability expressly excluded baggage carried on passenger trains.

A jury, or a judge if the parties should prefer, should try the issues of fact in this case and return a. verdict. If plaintiff wins, then the correctness of our ruling here that the tariff does, not limit defendant's liability can be tested by motion for judgment n. o. v. for the excess of any verdict over that permitted by the tariff. Also, as suggested and requested by the parties, our ruling that the tariff is unavailable as a defense is to be applied to the companion case filed in assumpsit, but consolidated with the instant case for trial. We will ask counsel for plaintiff to submit an appropriate order in that case. ·

## ORDER

And now, November 10, 1972, following oral argument and consideration of the briefs of counsel,

for the reasons set forth in the foregoing opinion it is ordered that paragraph 140(b) of the new matter filed by defendant, The Bell Telephone Company of Pennsylvania, is stricken.