## Feingold v. Bell of Pennsylvania

*A. Feingold*, for plaintiff.
*S. Seligsohn*, for defendant.

HIRSH, *J.*, March 31, 1975—Plaintiff, Allen L. Feingold, individually and A. L. Feingold Associates, commenced this action on June 4, 1974, by filing a complaint in equity. The allegations set forth in the three counts of plaintiff's complaint all relate to the quality, adequacy and reasonable continuity of the telephone service furnished by defendant to plaintiff; the legality of defendant's threat to terminate plaintiff's telephone service unless a privately owned answering device is not removed from the telephone system of defendant; and defendant's alleged refusal to provide plaintiff mobile telephone service. Thereafter, on August 1, 1974, defendant filed its preliminary objections to plaintiff's complaint. Defendant, in its preliminary objections, raises the following averments: the Pennsylvania Public Utility Commission is vested with exclusive jurisdiction over all three counts set forth in plaintiff's complaint; the Public Utility

Law of May 28, 1937, P.L. 1053 art. 1, sec. 1, 66 P.S. §§1101, et seq., provides for various administrative remedies which plaintiff has failed to exercise; plaintiff has available adequate remedies at law to obtain the relief sought. Then, on August 12, 1974, plaintiff filed his answer and memorandum of law to defendant's preliminary objections. Plaintiff argues that defendant is in error in its interpretation of the law and equity does have jurisdiction of the matter alleged herein; furthermore, there is no full, complete and adequate remedy at law. On August 16, 1974, defendant's supplemental memorandum of law was filed which dealt with the specific issue that sections 917 and 1310, 66 P.S. §§1357 and 1500, of the Public Utility Law do not reserve to the court jurisdiction over matters involving adequacy of utility service and the rates charged therefor. The matter is presently before this court on defendant's preliminary objections and plaintiff's answer thereto.

In reviewing said preliminary objections, this court is cognizant of the rule that preliminary objections should be sustained and a complaint dismissed only in cases which are clear and free from doubt: Allstate Insurance Co. v. Fioravanti, 451 Pa. 108, 299 A. 2d 585 (1973); Legman v. Scranton School District, 432 Pa. 342, 247 A. 2d 566 (1968). By this we mean it must appear with certainty that, upon the facts averred, the law will not permit recovery by plaintiff. Any doubt should be resolved by a refusal to sustain the objections: Engel v. Parkway Co., 439 Pa. 559, 266 A. 2d 685 (1970). In the present case, this court is firmly convinced that plaintiff has not proceeded or exhausted its administrative remedies pursuant to the Public Util-

ity Law. Moreover, we see more parabola than parallel in the cases cited by plaintiff in support of his position. Therefore, we are compelled to sustain defendant's preliminary objections and dismiss plaintiff's complaint with prejudice.

It is well settled law in this Commonwealth that the Public Utility Commission has exclusive regulatory jurisdiction over the implementation of public utility facilities: Act of May 28, 1937, P.L. 1053, as amended, 66 P.S. §§1101, et seq.; Duquesne Light Co. v. Monroeville Boro., 449 Pa. 573, 298 A. 2d 252 (1972); Behrend v. Bell Telephone Co. of Pennsylvania, 431 Pa. 63, 243 A. 2d 346 (1968); Chester County v. Philadelphia Electric Co., 420 Pa. 422, 218 A. 2d 331 (1966); Einhorn v. Philadelphia Electric Co., 410 Pa. 630, 190 A. 2d 569 (1963); Lansdale Borough v. Philadelphia Electric Co., 403 Pa. 647, 170 A. 2d 565 (1961); Duquesne Light Co. v. Upper St. Clair, 377 Pa. 323, 105 A. 2d 287 (1954); York Water Co. v. York, 250 Pa. 115, 95 Atl. 396 (1915). The Public Utility Law provides that:

"The commission, or any person, corporation or municipal corporation having an interest in the subject matter, or any public utility concerned, may complain in writing, setting forth any act or thing done or omitted to be done by any public utility in violation, or claimed violation, of any law which the commission has jurisdiction to administer, or of any regulation or order of the commission.": Act of May 28, 1937, P.L. 1053, as amended, 66 P.S. §1391.

The Public Utility Commission has been vested by the legislature with exclusive original jurisdic-

tion over the reasonableness, adequacy and sufficiency of public utility services, including telephone services.

In Lansdale Borough v. Philadelphia Electric Co., supra, the court pertinently said (at p. 650):

"Although we still possess the right of judicial scrutiny over the acts of the P.U.C.[1]; no principle has become more firmly established in Pennsylvania law than that the courts will not originally adjudicate matters within the jurisdiction of the P.U.C. Initial jurisdiction in matters concerning the relationship between public utilities and the public is in the P.U.C.—not in the courts."

Section 401 of the Public Utility Law, 66 PS §1171, prescribes the duties and objections of every public utility with respect to character of service and facilities:

"Every public utility shall furnish and maintain adequate, efficient, safe and reasonable service and facilities, and shall make all such repairs, changes, alterations, substitutions, extensions, and improvements in or to such service and facilities as shall be necessary or proper for the accommodation, convenience, and safety of its patrons, employes, and the public. Such service also shall be reasonably continuous and without unreasonable interruptions or delay. Such service and facilities shall be in conformity with the regulations and orders of the commission. Subject to the provi-

---

1. "Cheltenham and Abington Sewerage Co. v. Pa. P.U.C., 344 Pa. 366 25 A. 2d 334 (1942) at 372: 'The review of orders of the commission by the courts is a judicial function whereby it is determined whether the commission has acted within its delegated powers and within the constitution.'"

sions of this act and the regulations or orders of the commission, every public utility may have reasonable rules and regulations governing the conditions under which it shall be required to render service."

Section 413 of the Public Utility Law, 66 PS §1183, empowers the commission, upon its own motion or upon complaint, to make findings as to the unreasonableness, inadequacy or insufficiency of any public utility's service or facilities and to determine and prescribe the reasonable, adequate and sufficient service or facilities to be furnished.

Sections 917 and 1310, 66 PS §§1357 and 1500, of the Public Utility Law do not reserve to the court jurisdiction over matters relating to the adequacy and continuity of telephone service and the right to such service. The cases citing these provisions of the Public Utility Law hold that the Public Utility Commission has original, exclusive jurisdiction over matters involving utility services and the rates charged therefor. See Rogoff v. The Buncher Company, 395 Pa. 477, 150 A. 2d 839 (1959), and Midland v. Steubenville, etc., Co. et al., 300 Pa. 134, 150 Atl. 300 (1930).

In light of the foregoing, it is patent to this court that defendant's preliminary objections should be sustained. Plaintiff has not proceeded in compliance with the proper administrative procedures provided by statute. It is quite apparent that plaintiff's complaint should have been brought before the Public Utility Commission instead of in equity.

Accordingly, it is therefore ordered that defendant's preliminary objections to plaintiff's complaint are sustained and the complaint is dismissed with prejudice.