Commonwealth of Pennsylvania, Appellee, *v.* Delaware and Hudson Railway Company, Appellant.

Argued April 4, 1975, before Judges KRAMER, WILKINSON, JR., and BLATT, sitting as a panel of three.

*James E. O'Brien,* for appellant.

*Peter J. Savage,* with him *Robert J. Kunec,* for appellee.

OPINION BY JUDGE WILKINSON, May 14, 1975:

The facts in this case are not contested. In December 1972, appellant and the Lehigh Valley Railroad, which is not a party to this proceeding, constructed a diagonal cross-over track approximately one-quarter of a mile in length between their respective main tracks in Dupont Borough over vacant lands owned by the railroads. Neither railroad applied for a building permit and both railroads were separately charged with violating Section 9.210 of the Dupont Borough Zoning Ordinance which provides that ". . . no person shall erect, alter or convert any structure or building, or part thereof, nor alter the use of any land . . . until a building permit has been issued. . . . " After a magistrate's hearing, appellant was adjudged guilty and was fined $200.00 and costs. Appellant appealed to the Luzerne County Court of Common Pleas which, after a hearing, denied the appeal. This appeal followed and we reverse.

The sole issue is whether appellant, as a public utility, is required to secure a building permit under the facts in this case.

Appellee argues that if appellant desired exemption from the zoning ordinance, it should have proceeded under Section 619 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10619, which reads:

"This article shall not apply to any existing or proposed building, or extension thereof, used or to be

used by a public utility corporation, if upon petition of the corporation, the Pennsylvania Public Utility Commission shall, after a public hearing, decide that the present or proposed situation of the building in question is reasonably necessary for the convenience or welfare of the public."

Appellee contends that since appellant did not petition the Pennsylvania Public Utility Commission, it is not exempt from the local zoning ordinance.

In *Duquesne Light Company v. Monroeville Borough,* 449 Pa. 573, 580, 298 A.2d 252, 256 (1972), the Pennsylvania Supreme Court summarized a long line of cases in stating:

"This Court has consistently held, however, that the Public Utility Commission has exclusive regulatory jurisdiction over the implementation of public utility facilities. Act of May 28, 1937, P.L. 1053, as amended, 66 P.S. §1101 et seq.; Behrend v. Bell Telephone Co. of Pennsylvania, 431 Pa. 63, 243 A. 2d 346 (1968) ; Chester County v. Philadelphia Electric Co., 420 Pa. 422, 218 A. 2d 331 (1966) ; Einhorn v. Philadelphia Electric Co., 410 Pa. 630, 190 A. 2d 569 (1963) ; Lansdale Borough v. Philadelphia Electric Co., 403 Pa. 647, 170 A. 2d 565 (1961) ; Duquesne Light Co. v. Upper St. Clair, 377 Pa. 323, 105 A. 2d 287 (1954) ; York Water Co. v. York, 250 Pa. 115, 95 A. 396 (1915)."

The clear intent of *Duquesne, supra,* and the many cases cited therein is to uphold the proposition that public utilities are to be regulated exclusively by an agency of the Commonwealth with state-wide jurisdiction rather than by a myriad of local governments with different regulations.

"If each county were to pronounce its own regulation and control over electric wires, pipelines and oil lines, the conveyors of power and fuel could become so twisted and knotted as to affect adversely the

welfare of the entire state. It is for that reason that the Legislature has vested in the Public Utility Commission exclusive authority over the complex and technical service and engineering questions arising in the location, construction and maintenance of all public utilities facilities. . . . " (Citations omitted.) *Chester County v. Philadelphia Electric Company,* 420 Pa. 422, 425-26, 218 A. 2d 331, 333 (1966).

This reasoning is equally applicable to railroads. Therefore, to the extent that Section 619 of the Pennsylvania Municipalities Planning Code gives any authority to local governments to regulate public utilities, that authority must be strictly limited to the express statutory language. The Pennsylvania Municipalities Planning Code itself states in Section 1202, 53 §11202, that it "shall not repeal or modify any of the provisions of the 'Public Utility Law'. . . ."

We hold that the word "building" in Section 619 of the Pennsylvania Municipalities Planning Code does not include railroad tracks as it does not include transmission lines of power companies. *See Duquesne Light Company v. Upper St. Clair Township,* 377 Pa. 323, 105 A. 2d 287 (1954), where Justice CHIDSEY deals at length with this problem.

By reversing appellant's conviction below, we do not wish to imply that we approve of appellant's actions in a practical sense. Appellant would have displayed more wisdom in filing its plans with the borough so that the borough could be kept advised of what the railroad was doing within its borders.

We note that although Dupont Borough lacked the authority to require a building permit, the borough was not without a forum. Section 1001 of the Public Utility Law, Act of May 28, 1937, P.L. 1053, *as amended,* 66 P.S. §1391, provides:

"The commission, or any person, corporation, *or municipal corporation* having an interest in the sub-

ject matter, or any public utility concerned, may complain in writing, setting forth any act or thing done or omitted to be done by any public utility in violation, or claimed violation, of any law which the commission has jurisdiction to administer, or of any regulation or order of the commission. Any public utility, or other person, or corporation, subject to this act, likewise may complain of any regulation or order of the commission, which the complainant is or has been required by the commission to observe or carry into effect. The commission, by regulation, may prescribe the form of complaints filed under this section."
(Emphasis added.)
Reversed.