## Warrington Township, Appellant v. Richard R. Meade, Appellee.

Argued April 3, 1978, before President Judge Bow-MAN and Judges MENCER and ROGERS, sitting as a panel of three.

*William H. R. Casey,* with him *Rossi and Casey,* for appellant.

*Charles J. King, Jr.,* with him *Rogers, King & Cole,* for appellee.

OPINION BY JUDGE ROGERS, April 27, 1978:

The appellant, Warrington Township, Bucks County, enacted an ordinance providing for the supervision and detailed regulation by the township of the drilling and use of wells. The ordinance requires any person desiring to drill a well designed to produce in excess of 10,000 gallons of water a day to obtain a permit from the township. The appellee is Richard R. Meade, president of the Warrington Water Company, who was found guilty by a District Justice in summary proceedings of violating the ordinance by commencing to drill a well designed to produce 70,000 gallons of water a day without the township's permit. The well Mr. Meade was charged with unlawfully drilling was one apparently to be owned, and certainly to be used, by Warrington Water Company, a public utility as defined in Section 2(17)(b) of the Public Utility Law, Act of May 28, 1937, P.L. 1053, *as*

*amended,* 66 P.S. §1102(17)(b) furnishing water under a Certificate of Public Convenience granted pursuant to Section 201 of the same Act, 66 P.S. §1121, by the Pennsylvania Public Utility Commission.

The Court of Common Pleas sustained Mr. Meade's appeal. We affirm that action.

The General Assembly has vested in the Public Utility Commission of Pennsylvania exclusive authority over all questions concerning the location, construction and maintenance of all public utility facilities. *Behrend v. Bell Telephone Company of Pennsylvania,* 431 Pa. 63, 243 A.2d 346 (1968); *Chester County v. Philadelphia Electric Company,* 420 Pa. 422, 218 A. 2d 331 (1966); *Einhorn v. Philadelphia Electric Company,* 410 Pa. 630, 190 A.2d 569 (1963); *Commonwealth v. Delaware & Hudson Railway Company,* 19 Pa. Commonwealth Ct. 59, 339 A.2d 155 (1975). Since the Warrington Water Company is a public utility operating under a Certificate of Public Convenience issued by the Public Utility Commission, the township has no power to impose its regulations on the activities of that enterprise in the exercise of its Certificate.

The only authority claimed by the township for the imposition of its regulatory authority upon this public utility is the delegation by the General Assembly upon townships of the Second Class, among which Warrington Township is numbered, of power to make regulations for the promotion of the health, cleanliness, comfort and safety of their citizens.[1] Whatever initial support might seem to be given the township's case by this authority is dissipated by Section 2101 of The Second Class Township Code, 53 P.S. 67201, providing that nothing in The Second Class Township Code shall be construed to modify any provision of the Public Utility Law. Since the latter enactment,

---

[1] By clause XXIX of Section 702 of The Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §65729.

as the cases hereinbefore cited hold, gives exclusive regulatory jurisdiction to the Public Utility Commission, the township has none.

The township is not without remedy for its complaint that Warrington Water Company's well may injure its citizens. It may file a complaint with the Public Utility Commission pursuant to Section 1001 of the Public Utility Law, 66 P.S. §1391.

We finally note that we do not here decide any question concerning the validity of Warrington Township's ordinance as it affects persons or enterprises other than public utilities subject to regulation by the Public Utility Commission.

Order affirmed.

ORDER

AND Now, this 27th day of April, 1978, the order of the court below appealed from is affirmed.