Atlantic Richfield Company, Appellant *v.* City of Bethlehem and Stephen L. Chanitz, Zoning Officer, Appellees.

Argued June 10, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS and MACPHAIL, sitting as a panel of three.

*Lewis R. Long,* for appellant.

*Richard F. Boyer*, for appellees.

OPINION BY JUDGE MACPHAIL, September 10, 1982:

Atlantic Richfield Company (Arco) has appealed to us from an order of the Court of Common Pleas of Northampton County which sustained a preliminary objection "concerning res judicata" and dismissed Arco's complaint in mandamus. Judgment was entered in favor of the "defendants."[1]

Before the merits of this matter can be addressed, it is necessary to review the rather tortured procedural history of this case.

In 1978, Arco, through a named individual identified as its agent, applied for a special exception to expand its lawful nonconforming use of its property as a service station to include a "mini-market". It also requested a variance from the set-back provisions of the zoning ordinance for the construction of some canopies. The application was rejected by the zoning officer whose action was affirmed by the zoning hearing board of the City of Bethlehem (Board) after a full and complete hearing. Arco did not appeal from that action by the Board.

In June of 1980, Arco filed another application which appears to be similar to the one previously filed in 1978. Again the zoning officer rejected the application and again Arco appealed to the Board. A time was fixed for a hearing but before the hearing commenced, apparently on the advice of the assistant solicitor for the City of Bethlehem (City), the Board refused to take any testimony and informed Arco that it was denying the application upon the "principle of res judicata."

No appeal from that decision was taken to the trial court but fifteen days after the Board announced its

---

[1] City of Bethlehem and Stephen L. Chanitz.

decision, Arco commenced an action in mandamus against the Defendants. The complaint set forth as its principal grounds for relief that the assistant city solicitor improperly rendered advice to the Board when he was counsel for the City, that the Board acted improperly when it refused to hold a hearing on the second application and that Mr. Chanitz, the zoning officer, unlawfully withheld his approval of the application.

The Defendants filed preliminary objections to the complaint raising the question of jurisdiction of the court, a demurrer and a charge that Arco had failed to include a necessary and indispensable party, *i.e.*, the Board. In its brief in support of its preliminary objections, the Defendants pointed to Section 1001 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 21, 1968, P.L. 805, *as amended*, 53 P.S. §11001 which states that the proceedings set forth in Article X of the MPC "shall constitute the exclusive mode for securing review" of decisions of a zoning hearing board which is an agency of a municipality. Defendants also pointed out in their brief, that under Section 913 of the MPC, 53 P.S. §10913, the Board and not the zoning officer must decide whether applications for special exceptions should be granted or denied. Finally, Defendants urged that it was the Board, a party not named in the complaint, that had the duty to issue the permits in the instant case, if proper grounds were laid to enforce that duty.

In response to Defendants' arguments, Arco contended that it was error for the Board to hold that the second application was barred by res judicata without first holding a hearing and that the City's solicitor had acted improperly as counsel to the Board in rendering advice to the Board at the Board's request.

In a somewhat unusual order, the trial court on January 15, 1981 sustained Defendants' preliminary

objection on the question of jurisdiction but said it would treat the complaint as an appeal from the Board's decision, granted permission to Arco to join the Board as an additional defendant, denied Defendants' "other" preliminary objections, directed the matter to be returned to the Board *to take testimony* on the question of res judicata and granted Defendants the right to file an appropriate pleading within 30 days.

Arco then requested a stay of proceedings until the hearing ordered by the trial court was held. This request was granted and again the trial court gave the right to Defendants to file a responsive pleading 20 days after the record was returned.

Other petitions and answers were filed subsequently which are not necessary to detail here because they have no bearing on the outcome of this case but on May 29, 1981 there was an in camera conference among the trial judge and counsel for the parties, the relevant portions of which were transcribed and made a part of the record of this proceeding. In the course of the conference, the trial judge told counsel that he wanted the complete proceedings of Arco's first request and the complete proceedings of the second request and said "that will substitute my direction of January 15th for a hearing." The trial judge then stated that he would decide the issue of res judicata and enter a further order. When counsel was asked if they had any objections, a short statement was made by counsel for Defendants but no formal objection was made by either counsel.

On July 31, 1981, the trial court, without any further proceedings, entered the following order which is now the subject of this appeal:

.... [t]he Court having reversed its ruling on the Preliminary Objection concerning res judicata, the Preliminary Objection is sustained

and Plaintiff's complaint is denied and dismissed, and judgment is entered in favor of the Defendants.

While we appreciate that the able trial judge was attempting to resolve this case in the interest of judicial economy, the order now on appeal must be reversed in the interest of fairness and justice.

Our first inquiry must be directed to the authority of the trial court to sustain a preliminary objection raising the question of the trial court's jurisdiction but then treating the complaint in mandamus as an appeal from the Board. We agree with the trial court that the proper mode of relief in the instant case should have been an appeal as mandated by Section 1101 of the MPC. We note, however, that 42 Pa. C. S. §708(c) permits the trial court in the instant case[2] to treat the mandamus proceeding as an appeal. We must observe, however, that once the trial court had decided to treat the proceedings as an appeal, then all of the attributes of the original proceedings have no further meaning. In the instant case, that means that the trial court should not have dealt with the preliminary objections, other than the jurisdictional question, nor should it have ordered or permitted additional pleadings or amendments to those already filed; rather, the trial court's obligation was then to proceed under the provisions of Section 1010 of the MPC, 53 P.S. §11010. That section, of course, provides that the judge shall review the findings of fact and conclusions of law of the Board and if the appeal requires the presentation of additional evidence, the trial judge is then required to hold a hearing.

In the instant case, res judicata was *not* raised by the Defendants in *their* preliminary objections; therefore, to the extent that the order of the trial court

---

[2] *See also* 42 Pa. C. S. §701(a).

sustains such an objection, it is in error. Moreover, as we have said, the trial judge once having determined to treat the proceeding as an *appeal* no longer had preliminary objections before him. Giving great latitude to the trial court's order, its effect would seem to deny Arco's appeal. We will so treat it.

Turning now to the issue of res judicata, the basis upon which the appeal was denied, there has been no hearing before the Board or the trial court on that issue. While res judicata may be applied in zoning cases, our Supreme Court has observed that it should be applied "sparingly". *Schubach v. Silver*, 461 Pa. 366, 336 A.2d 328 (1975). That Court approved Ryan's statement in Pennsylvania Zoning Law and Practice (1970) §9.4.17 that "zoning is a continuing regulation and flexibility in zoning matters outweighs the risk of repetitive litigation." While there is some authority to the effect that res judicata does not apply in administrative proceedings until there is a final disposition of the reviewing court, *West Penn Power Company v. Public Utility Commission*, 174 Pa. Superior Ct. 123, 100 A.2d 110 (1953); *Whitford Liquor License Case*, 166 Pa. Superior Ct. 48, 70 A.2d 708 (1950) and *Oswald v. City of Allentown*, 37 Lehigh County Law Journal 189 (1977), other cases are contra. *City of McKeesport v. Public Utility Commission*, 65 Pa. Commonwealth Ct. 179, 442 A.2d 30 (1982); *Philadelphia Electric Company v. Public Utility Commission*, 61 Pa. Commonwealth Ct. 325, 433 A.2d 620 (1981) and *Philadelphia Electric Company v. Borough of Lansdale*, 283 Pa. Superior Ct. 378, 424 A.2d 514 (1981). It would seem that the better rule is that expressed by Judge ROGERS in *McKeesport* that "the use of the doctrine of res judicata in administrative proceedings is proper when the reasons for uses of the rule in court proceedings are present in full force." 65 Pa. Commonwealth Ct. at 182, 442 A.2d at 31.

While the Board had the authority, then, to apply the doctrine of res judicata, we must still determine whether that doctrine was correctly applied in the instant case; but, unfortunately, we can not do so because we have no findings of fact and no conclusions of the Board to review,[3] other than the bald statement set forth in a letter to Arco's counsel that res judicata applied. We note also that the Board could not make such findings without a hearing in view of the fact that counsel for Arco contended before the Board that the facts and circumstances surrounding the second application were different from those present in 1978. Accordingly, the mere comparison by the trial court of the two applications and the plans submitted therewith, would not, in our opinion, be sufficient for a determination that the doctrine of res judicata was properly applied.[4]

Our conclusion, therefore, is that the order of the trial court must be reversed and the proceedings remanded for a hearing on the 1980 application presented by Arco.

---

[3] Where the trial court takes no additional evidence, our scope of review is to determine whether the zoning hearing board committed an error of law, abused its discretion, or made findings not supported by substantial evidence. *Berger v. Board of Supervisors of Whitpain Township*, 31 Pa. Commonwealth Ct. 386, 376 A.2d 296 (1977).

[4] Arco also contends that it is entitled to a deemed approval under the provisions of Section 908(9) of the MPC, 53 P.S. §10908(9) which requires that the Board hold a hearing within 60 days. Here, the Board formally convened well within the 60 day period for the purpose of a hearing but after listening to the arguments of counsel decided erroneously, that no testimony should be received. We hold that there was technical compliance by the Board with the provisions of Section 908(9) and that Arco is not entitled to a deemed approval.

14

ORDER

The order of the Court of Common Pleas of Northampton County dated July 31, 1981 is reversed and remanded for proceedings not inconsistent with the foregoing opinion.