602 A.2d 457

Robert C. CHRISTMAN, Appellant,

v.

TOWNSHIP OF DOUGLASS and Berks County, Pennsylvania and Douglass Township, Berks County Board of Supervisors, Douglass Township, Berks County Planning Commission, Appellees.

Commonwealth Court of Pennsylvania.

Argued Dec. 16, 1991.

Decided Jan. 16, 1992.

Craig Stephen Boyd, for appellant.

Richard L. Orwig, for appellees.

Before DOYLE and PELLEGRINI, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

Robert C. Christman and Carl L. Erb (Christman/Erb) appeal from an order of the Court of Common Pleas of Berks County which dismissed their complaint in equity alleging arbitrary and capricious action by the Douglass Township Board of Supervisors and Planning Commission (the Township). Christman/Erb applied for approval of a proposed subdivision of land. On March 14, 1990, the Township denied Christman/Erb's request. Notice of the decision was sent March 19, 1990. On March 20, 1990, Christman filed a declaratory judgement action in the Court of Common Pleas of Berks County attempting to have judicial review of the Township decision. The Township filed preliminary objections raising subject matter jurisdiction. On May 1, 1990, Christman amended the complaint to state a cause of action for equitable relief and added Erb as a plaintiff. The Township again filed preliminary objections questioning the subject matter jurisdiction of the trial court. Following argument, the trial court sustained the Township's preliminary objections and dismissed the complaint, the court refused to transfer the case to the law side of the docket stating that Christman/Erb had failed to state a cause of action.

On appeal, Christman/Erb argue that the trial court had jurisdiction to hear their equity complaint; alternatively, they argue that the trial court should have transferred this case to the law side of the docket and heard it as an appeal from a governmental decision. We agree with Christman/Erb's alternative argument and remand for further proceedings.

When Christman/Erb received notice of the Township's refusal to approve the proposed subdivision, their proper remedy under the Pennsylvania Municipalities Planning Code was an appeal to the Court of Common Pleas of the county where the affected land is located. See, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 11001–A. Thus, the trial court correctly decided that the equity side of the court did not have jurisdiction of this case.

That correct decision, however, does not dispose of this case. The Judicial Code specifically provides "No objection to a governmental decision shall be defeated by reason of error in the form of objection...." 42 Pa.C.S. § 708(a). Further, it states:

"If a complaint in the nature of equity ... is commenced in any court against a government unit ... objecting to a governmental determination ... where the proper mode of relief is an appeal from the determination of the government unit, this alone shall not be a ground for dismissal, but the papers whereon the process against the government unit ... was commenced shall be be regarded and acted on as an appeal from such determination of the government unit and as if filed at the time such process was commenced."

42 Pa.C.S. § 708(c). Moreover, the Judicial Code compels the transfer of erroneously filed matters to the correct division of the court. 42 Pa.C.S. § 5103(c).

The trial court refused to transfer this case because it stated that Christman/Erb had failed to state a cause of action. We disagree. A fair reading of the amended complaint indicates that Christman/Erb challenge the Town-

ship's decision on the proposed subdivision as arbitrary and capricious. In *Atlantic Richfield Co. v. City of Bethlehem*, 69 Pa.Commonwealth Ct. 6, 450 A.2d 248 (1982), this Court expressly approved the trial court's decision to treat an equity complaint requesting relief in mandamus as an appeal from the zoning hearing board. *Id.*, 69 Pa.Commonwealth Ct. at 11, 450 A.2d at 251. Thus, the proper disposition of this case following the decision on the Township's preliminary objections was to transfer this case and treat it as an appeal from a governmental decision. Accordingly, we vacate the order dismissing Christman/Erb's complaint and remand for further proceedings.

Vacated.

### ORDER

NOW, January 16, 1992, the order of the Court of Common Pleas of Berks County, dated December 18, 1990, at No. 1345–90, A.D., is vacated. This case is remanded for further proceedings in accord with the above decision.

Jurisdiction relinquished.