372 A.2d 1203

Irving ELKIN, assignee of Studio Photographers, Inc. of Pennsylvania

v.

The BELL TELEPHONE COMPANY of Pennsylvania, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 8, 1976.

Decided April 19, 1977.

506

Jerome J. Shestack, Philadelphia, with him James D. Crawford, Philadelphia, for appellant.

Jack A. Rounick, Norristown, with him Michael Brodie, Philadelphia, and Emanuel A. Bertin, Norristown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

The Bell Telephone Company of Pennsylvania has appealed from the order of the lower court refusing its motion for summary judgment.[1] Bell contends that there are no remaining issues of fact which the lower court has jurisdiction to decide. For the reasons developed below, we reverse.

A brief exposition of the facts is necessary for a full understanding of the issues and arguments on this appeal. Appellee's assignor, Studio Photographers, Inc. of Pennsylvania, instituted this action on December 7, 1971, by filing a

---

1. The question below was the jurisdiction of the court over the subject matter and, therefore, is appealable under the Act of March 5, 1925, P.L. 23, § 1, 12 P.S. § 672.

complaint containing four counts. Count One sought compensatory and punitive damages, including a refund of telephone charges previously paid, for Bell's alleged negligent failure to furnish Studio adequate telephone service with respect to three wide-area telephone service lines. Count Two sought compensatory and punitive damages in connection with Bell's alleged negligent and/or intentional refusal to furnish Studio with adequate directory assistance service. Both counts further accused Bell of "willful, malicious and deliberate conduct" with respect to the wrongs therein alleged. Studio's third and fourth counts sought compensatory damages for Bell's alleged negligent failure to return two lists of names submitted by Studio to Bell's directory assistance service in April, 1966 and December, 1968.

Bell filed preliminary objections to the complaint challenging the court's jurisdiction and moving for a more specific complaint. The lower court entered the following order:

"AND NOW, this 12th day of June, 1972, after argument before the court en banc and consideration of briefs filed, proceedings in this matter are stayed until there is a determination of standards for the services involved by the Pennsylvania Public Utility Commission in accordance with Section 412 of the Public Utility Law (66 P.S. 1182)." [2]

2. Section 412 of the Public Utility Law, Act of May 28, 1937, P.L. 1053, § 412, 66 P.S. § 1182, provides as follows:

"The commission may, after reasonable notice and hearing, upon its own motion or upon complaint, prescribe as to service and facilities, including the crossing of facilities, just and reasonable standards, classifications, regulations, and practices to be furnished, imposed, observed, and followed by any or all public utilities; prescribe adequate and reasonable standards for the measurement of quantity, quality, pressure, initial voltage, or other condition pertaining to the supply of the service of any and all public utilities; prescribe reasonable regulations for the examination and testing of such service, and for the measurement thereof; prescribe or approve reasonable rules, regulations, specifications, and standards to secure the accuracy of all meters and appliances for measurement; and provide for the examination and testing of any and all appliances used for the measurement of any service of any public utility."

On July 6, 1972, Studio commenced a proceeding before the Pennsylvania Public Utility Commission, hereinafter referred to as P.U.C., alleging Bell's failure to provide adequate telephone and directory assistance services. A copy of the complaint in trespass was attached to its complaint to the P.U.C. After conducting evidentiary hearings, the P.U.C., by order adopted August 20, 1974, dismissed Studio's complaint on the grounds that Studio had failed to substantiate its allegations and that Bell had, in fact, provided Studio with "a reasonably continuous and adequate telephone service." No appeal was taken from that order.[3]

Following the entry of the P.U.C. order Studio filed a motion to list the case for trial. On October 21, 1975, Bell filed its motion for summary judgment based on the lower court's lack of jurisdiction over the subject matter of Studio's complaint. Bell's motion was refused, and this appeal followed.

The lower court concluded that since the P.U.C. has no jurisdiction to consider and determine questions of negligence on the part of a public utility, its order of August 20, 1974, could not be binding on Studio. Appellee maintains that the lower court was correct and that our recent decision in *Behrend v. Bell Telephone Company,* 242 Pa.Super. 47, 363 A.2d 1152 (1976) is dispositive of the instant appeal. We, however, must disagree.

In *Behrend v. Bell Telephone Company,* supra, a telephone company customer sought damages for the omission of his name from both the white and yellow pages of Bell's directories and the directory assistance operators' lists, and for the disruption of his telephone service. Bell argued that the lower court erred in permitting a jury to rule on questions within the exclusive original jurisdiction of the P.U.C. However, Bell never contended that no duty existed on its part to correctly list subscribers' names in its directories or

**3.** Section 1101 of the Public Utility Law, Act of May 28, 1937, P.L. 1053, § 1101, *as amended,* 66 P.S. § 1431 (Supp.1976–77), provides for the appeal of such an order to the Commonwealth Court within thirty days.

to provide uninterrupted telephone service. Concluding that the regulatory authority of the P.U.C. over utility service did not remove from the court's jurisdiction an action for damages based on a failure of service, we stated:

"The courts retain jurisdiction of a suit for damages based on negligence or breach of contract wherein a utility's performance of its legally imposed and contractually adopted obligations are examined and applied to a given set of facts." *Behrend v. Bell Telephone Company,* supra 242 Pa.Super. at 59, 363 A.2d at 1158 (citation omitted) (footnote omitted).

We rejected Bell's claims that there were factual matters requiring reference to the P.U.C., holding that the determination of the reasonableness or adequacy of Bell's methods of providing service was not before us.

Here, however, appellee's complaint concerns the adequacy of the services provided Studio by Bell. Section 401 of the Public Utility Law, Act of May 28, 1937, P.L. 1053, § 401, 66 P.S. § 1171, provides that: "Every public utility shall furnish and maintain adequate, efficient, safe, and reasonable service and facilities, and shall make all such repairs, changes, alterations, substitutions, extensions, and improvements in or to such service and facilities as shall be necessary or proper for the accommodation, convenience, and safety of its patrons . . . and the public. Such service also shall be reasonably continuous and without unreasonable interruptions or delay. Such service and facilities shall be in conformity with the regulations and orders of the commission. . . ." We discussed the nature of this statutory standard, and the P.U.C.'s duties with respect thereto, in *Colonial Products Company v. P.U.C.,* 188 Pa.Super. 163, 146 A.2d 657 (1958), wherein we stated:

"By its very nature, the statutory standard is not capable of definition with mathematical precision. The duty is upon the commission . . . to determine on the basis of the facts and circumstances indicated by the substantial evidence whether the service provided is reasonable and adequate for the public." *Id.* 188 Pa.Super. at 169–70, 146 A.2d at 661 62.

■ It is well-settled that the P.U.C. has exclusive original jurisdiction over the reasonableness, adequacy and sufficiency of public utility services. *See, Behrend v. Bell Telephone Company,* 431 Pa. 63, 243 A.2d 346 (1968). Thus, the power of the P.U.C. to hear and rule on Studio's complaint did not arise from the lower court's order of June 12, 1972, referring the matter for a "determination of standards." Rather, "[i]nitial jurisdiction in matters concerning the relationship between public utilities and the public is in the PUC—not in the courts. . . ." *Lansdale Borough v. Philadelphia Electric Company,* 403 Pa. 647, 650, 170 A.2d 565, 567 (1961). *See also, Chester County v. Philadelphia Electric Company,* 420 Pa. 422, 218 A.2d 331 (1966); *Einhorn v. Philadelphia Electric Company,* 410 Pa. 630, 190 A.2d 569 (1963).

■ In the instant case, it was for the P.U.C. initially to determine whether the service provided Studio by Bell fell short of the statutory standard required of it. While seeking compensatory and punitive damages in the trespass action, Studio based its claims for relief on Bell's alleged failure to render adequate telephone and directory assistance services. Successful prosecution of this action was thus dependent on findings by the P.U.C. adverse to Bell. Only then could the lower court proceed to determine the questions of liability and damages which we held in *Behrend v. Bell Telephone Company,* 242 Pa.Super. 47, 363 A.2d 1152 (1976) to be within its jurisdiction.

■ The P.U.C., however, found that the service difficulties alleged by Studio did not constitute a breach of Bell's statutory duty to provide reasonably adequate and continuous service. Because Studio failed to appeal from the P.U.C. order of August 20, 1974, that order is conclusive as to the facts adjudicated by the P.U.C.[4] We therefore agree with

4. Section 1112 of the Public Utility Law, Act of May 28, 1937, § 1112, *as amended,* 66 P.S. § 1442 (Supp.1976–77), provides that:

"Whenever the commission shall make any rule, regulation, finding, determination, or order under the provisions of this act, the same shall be prima facie evidence of the facts found, and shall

appellant that no factual issues remain upon which the lower court could base a finding of negligence or intentional misconduct.

Order reversed and judgment entered for appellant.

SPAETH, J., files a concurring opinion.

SPAETH, Judge, concurring:

The difference between *Behrend* and this case is that in *Behrend* the telephone company did not plead the Commission's primary jurisdiction, but in this case it did. Primary jurisdiction having been pleaded, the lower court properly remitted the matter to the Commission, for at least counts two, three, and four of the complaint concern the adequacy of the service provided by the telephone company, which is a matter within the Commission's jurisdiction. Where I differ with the majority's opinion is in its statement, or at least implication, that the first count of the complaint also concerned matters within the Commission's jurisdiction. I do not think it did; at least I am not sure.

The first count of the complaint alleged, *inter alia,* that correctly dialed numbers resulted in connections with wrong numbers, and that even when correct connections were made, conversations could not be carried on because of low volume or static, or because of disconnections. Complaint, paragraphs 7–10. These incidents occurred, it is further alleged, because of the telephone company's negligent and wilful "fail[ure] to maintain its equipment in proper and adequate repair and in failing to use reasonable care in the operation and maintenance of the WATS line telephone service and its telephone system, thereby failing to provide reasonable, rapid and efficient service." Complaint, paragraph 12. These allegations are at least arguably within the following passage from *Behrend:*

> The question of utility policy as it affects the public is not now before this court, nor is the determination of the

remain conclusive upon all parties affected thereby, unless set aside, annulled, or modified in an appeal taken as provided in this act."

reasonableness or adequacy of Bell's methods of providing service. This is an action for damages and the fact that the regulation of utility service is exclusively in the PUC's jurisdiction does not remove from the court's jurisdiction an action for damages based on a failure of service, any more than the PUC's power to promulgate safety regulations prohibits the courts from hearing a claim for personal injuries resulting from unsafe utility equipment.

242 Pa.Super. at 58, 363 A.2d at 1158 (citations omitted).

I think the majority's treatment of the first count may be correct, if it means to say that when a plaintiff pleads a utility's negligent failure to maintain adequate service, the proper procedure is: first, referral to the appropriate agency to decide the standards of "adequate service"; second, if the agency finds the utility's service to have been inadequate, referral back to the court for decision on the issues of negligence and damages. *See* Davis, Administrative Law Treatise § 19.01 (1958 & Supps. 1970, 1976); *Ricci v. Chicago Mercantile Exchange,* 409 U.S. 289, 302–06, 93 S.Ct. 573, 34 L.Ed.2d 525 (1973); *United States v. Philadelphia National Bank,* 374 U.S. 321, 353, 83 S.Ct. 1715, 10 L.Ed.2d 915 (1963); *Far East Conference v. United States,* 342 U.S. 570, 574, 72 S.Ct. 492, 96 L.Ed. 576 (1952). However, I cannot tell if this is the majority's rule. Without clarification, the majority's decision in this case, when read with *Behrend,* will, I fear, confuse the members of the trial bench and bar when they are next confronted with a similar case.

I nevertheless concur in the result reached by the majority because of Studio's failure to appeal from the Commission's order. Whether or not the first count of the complaint was properly before the Commission, Studio treated it as though it were. If Studio disagreed with the Commission's disposition, it was obliged to challenge the Commission's order, not collaterally before this court, but by direct appeal.