446 A.2d 914

**Andrew WOYTEK and Helen Woytek, Appellants,**

v.

**BENJAMIN COAL COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 30, 1981.

Filed June 4, 1982.

398

Anthony S. Guido, DuBois, for appellants.

Carl A. Belin, Jr., Clearfield, for appellee.

Before CAVANAUGH, MONTEMURO and VAN der VOORT, JJ.

CAVANAUGH, Judge:

The appellants in this case, Andrew Woytek and Helen Woytek were the owners of real estate in Clearfield County, Pennsylvania. In 1973 the appellants leased some two hundred acres of land to Benjamin Coal Company, the appellee herein, to be used for coal mining. The term of the lease was for three years or until exhaustion of the coal "whichever event shall last occur." Paragraph Eighth of the lease, which was on a printed form, provided as follows:

EIGHTH: The Lessee agrees that upon completion of mining operations it will restore the leased premises in the manner required by the Pennsylvania Bituminous Coal Open Pit Mining Conservation Act then in force.

The agreement also provided in paragraph Twelfth as follows:

TWELFTH: The Lessee does further agrees that after termination of this lease for the purpose of backfilling and planting in compliance with the mining laws of the State of Pennsylvania, tree planting would be of the species of hybrid poplar or hardwood if soil samples are compatible with such species and if such species are available from the State Nursery of the Department of Forest & Waters of the Commonwealth of Pennsylvania.

After the lease expired the appellee attempted to restore the land and planted various trees. The appellee was advised by the Director of the Bureau of Surface Mine Reclamation of the Commonwealth of Pennsylvania that backfilling, leveling and planting had been accomplished in accordance with the Surface Mining Conservation and Reclamation Act. The appellants were not satisfied that the land had been properly restored or new trees planted in accordance

with the lease and in 1979 commenced an action in assumpsit against the appellee in the court below. The appellee filed a motion for summary judgment on the grounds that the Commonwealth of Pennsylvania, Department of Environmental Resources, had exclusive jurisdiction. The court below in an order by Reilly, Jr., J. granted the motion and summary judgment was entered in favor of the appellee.

The court below found that the lease involved merely required the appellee to comply with the Surface Mining Conservation and Reclamation Act, Act of November 30, 1971, P.L. 554, No. 147, § 1 et seq., 52 P.S. § 1396.2.[1] The court decided that the Department of Environmental Resources has exclusive jurisdiction relying on *Elkin v. Bell Telephone Company of Pennsylvania*, 491 Pa. 123, 420 A.2d 371 (1980).[2]

In the *Elkin* case the telephone customer filed a complaint in trespass against Bell Telephone of Pennsylvania alleging that the telephone company negligently failed to provide reasonable, rapid and efficient telephone service. Bell Telephone filed preliminary objections on the ground that the matter was within the exclusive jurisdiction of the Pennsylvania Utilities Commission. Subsequently, the Pennsylvania Public Utilities Commission held a hearing which found that The Bell Telephone Company had rendered adequate tele-

---

1. This Act replaces the Bituminous Coal Open Pit Mining Conservation Act, Act of May 31, 1945, P.L. 1198, referred to in the lease.

2. The court based its determination that exclusive jurisdiction lay with The Department of Environmental Resources on the following provision of The Surface Mining Conservation and Reclamation Act, 52 P.S. § 1396.4b:

   § 1396.4b  General rule making; health and safety

   (a) Except as otherwise provided hereunder, and subject to the provisions of section 4(a)(2) L.[1] all surface mining operations coming within the provisions of this act shall be under the exclusive jurisdiction of the department and shall be conducted in compliance with such reasonable rules and regulations as may be deemed necessary by the department for the fulfillment of the purposes, and provisions of this act, and other acts where applicable, including, but not limited to the act of July 17, 1961 (P.L. 659, No. 339), known as the "Pennsylvania Bituminous Coal Mine Act."[2]

phone service to the plaintiff. The lower court refused to grant Bell's motion for summary judgment. The Bell Telephone Company appealed to the Superior Court which reversed the lower court and entered judgment for the telephone company. *Elkin v. Bell Telephone Company*, 247 Pa.Super. 505, 372 A.2d 1203 (1977). An appeal was taken to the Supreme Court which affirmed the order of the Superior Court. The Supreme Court stated at 491 Pa. 128, 129, 420 A.2d 374:

> This case requires accommodation of the respective spheres of adjudicatory authority of the PUC and the Courts of Common Pleas where each has jurisdiction over some facet of the controversy. The PUC has long been recognized as the appropriate forum for the adjudication of issues involving the reasonableness, adequacy and sufficiency of public utility services.

The Supreme Court held that under the doctrine of primary jurisdiction the determination of the adequacy of telephone service was properly referred to the Pennsylvania Public Utilities Commission and that its determination of adequacy was binding and not subject to collateral attack.[3] The Superior Court pointed out in *Elkin v. Bell Telephone Company of Pennsylvania*, 247 Pa.Super. 505, 510, 372 A.2d 1203, 1205, that "it is well-settled that the P.U.C. has exclusive jurisdiction over the reasonableness, adequacy and sufficiency of public utilities services." *See also Bell Telephone Company of Pennsylvania v. Uni-Lite, Inc.*, 294 Pa.Super. 89, 439 A.2d 763 (1982).

**3.** The court also raised a warning flag concerning the referral of matters to administrative agencies. It stated at 491 Pa. 134, 420 A.2d 377:

> We must enter a caveat, however. Courts should not be too hasty in referring a matter to an agency, or to develop a "dependence" on the agencies whenever a controversy remotely involves some issue falling arguably within the domain of the agency's "expertise." "Expertise" is no talisman dissolving a court's jurisdiction. *Accommodation* of the judicial and administrative functions *does not mean abdication* of judicial responsibility. The figure of the so-called "expert" looms ominously over our society-too much so to permit the roles of the court and jury to be readily relinquished absent a true fostering of the purposes of the doctrine of primary jurisdiction.

We believe that the court below erred in its interpretation of the lease in this case and in its application of *Elkin v. Bell Telephone of Pennsylvania*, 491 Pa. 123, 420 A.2d 371 (1980) to the lease. The lease in Paragraph Eighth, which was part of the printed lease apparently prepared by appellee merely required that the appellee comply with the requirements of the Pennsylvania Bituminous Coal Open Pit Mining Conservation Act (now the Surface Mining Conservation and Reclamation Act). However, the lease in Paragraph Twelfth, which was not part of the printed lease and was typewritten, required more than mere compliance with the Act. It required that the lessee plant hybrid poplar and other hardwood trees under certain conditions. In their complaint in assumpsit the appellants alleged noncompliance with Paragraph Twelfth of the lease.[4] In interpreting contracts the intention of the parties must be determined. In a written contract the intent of the parties is manifested by the writing, and when the words are clear and unambiguous the intent is to be determined only from the express language of the agreement. *Robert F. Felte, Inc. v. White*, 451 Pa. 137, 302 A.2d 347 (1973). *See also Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265 (3 Cir. 1979). Further, a contract must be interpreted as a whole and effect must be given to all its provisions. *Central Dauphin School District v. American Casualty Co.*, 493 Pa. 254, 426 A.2d 94 (1981); *Atlantic Richfield Co. v. Razumic*, 480 Pa. 366, 390 A.2d 736 (1978). Finally, the restoration required by the terms of Paragraph Eighth which was in the printed portion of the lease are not as stringent as those set forth in Paragraph Twelfth which was inserted by typewriter. "Where written

---

**4.** Appellant alleged in Paragraph 6 of the complaint in assumpsit

6. Despite the requirements of paragraph 12 of said lease as above set forth; despite the fact that the soil was compatible for the planting of hybrid poplar or hardwood trees; and despite the fact that such species were available from the State Nursery of the Department of Forest and Waters of the Commonwealth of Pennsylvania, the Defendant did fail to properly restore the disturbed areas of said property and did fail to properly plant such disturbed areas in accordance with the requirements of said lease agreement, thereby committing a breach of said lease agreement resulting in the damages hereinafter set forth.

and printed portions of a contract are repugnant, printed matter must yield to written clauses, as written clauses presumably constitute deliberate expression of the real intent of the parties." *Onofrey v. Wolliver*, 351 Pa. 18, 21, 40 A.2d 35, 38 (1944). *See also Mailey v. Rubin*, 388 Pa. 75, 130 A.2d 182 (1957); *Gormley v. Colonial Gas Coal Company*, 24 Lawrence L.J. 1 (1972).

In the instant case, if the contract only contained the language set forth in printed Paragraph Eighth then the court below would have properly entered a summary judgment in favor of the appellee. It appears that the leased premises were restored in accordance with the requirements of The Surface Mining Conservation and Reclamation Act. In October, 1975, and May, 1977, W.E. Guckert, who was then Director of the Bureau of Surface Mine Reclamation, wrote to the president of Benjamin Coal Company. In the October, 1975, letter the director stated that the mine inspector advised the Department of Environmental Resources that backfilling and leveling had been accomplished in accordance with the Surface Mining Conservation and Reclamation Act. The May 4, 1977, letter stated that the forester had advised the department that planting had been accomplished according to the Act. Letters from Mr. Ercole who was then the Director of The Bureau of Surface Mine Reclamation on July 7, 1978, and August 1, 1978, to the appellee again advised the appellee that back-filling, leveling and planting had been accomplished in accordance with the Act and that the appellee and its bonding company were relieved of further liability under specifically identified bonds. These letters indicate full compliance with the requirements of the Act and fulfillment of the appellee's obligation under Paragraph Eighth of the agreement. There were further obligations on the part of the appellee under Paragraph Twelfth which required the planting of certain types of trees if they were available. Nothing was presented to the court below to indicate that the requirements of Paragraph Twelfth of the agreement were complied with and appellant's complaint in assumpsit alleges that they were not.

Unless Paragraph Twelfth placed a greater burden on the appellee than mere compliance with The Surface Mining Conservation and Reclamation Act as required by Paragraph Eighth, there was no reason for the parties to add Paragraph Twelfth. However this paragraph did add additional obligations and in fact stated that "The *lessee does further agree. . .*"

■ Summary judgment may be entered only in a clear case and the requirements for entering such judgment were succinctly set forth in the recent opinion of President Judge Cercone in *Community Medical Services of Clearfield, Inc. v. Local 2665, American Federation of State, County and Municipal Employees, AFL–CIO*, 292 Pa.Super. 238, 437 A.2d 23, 25 (1981):

> Ordinarily, summary judgment should only be entered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there exists no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See* Pa.R.C.P. 1035. And see *Davis v. Pennzoil Co.*, 438 Pa. 194, 264 A.2d 597 (1970); *Bollinger v. Palmerton Area Com. Endeavor, Inc.*, 241 Pa.Superior Ct. 341, 361 A.2d 676 (1976). Furthermore, summary judgment is only proper in cases which are clear and free from doubt as to the existence of a disputed factual question. See *Mallesky v. Stevens*, 427 Pa. 352, 235 A.2d 154 (1967); *Toth v. Philadelphia*, 213 Pa.Superior Ct. 282, 247 A.2d 629 (1968). In ruling on a motion for summary judgment the court must accept as true all well-pleaded facts in the non-moving party's pleadings, as well as admissions on file, giving to them the benefit of all reasonable inferences to be drawn therefrom. See *Hankin v. Mintz*, 276 Pa.Superior Ct. 538, 419 A.2d 588 (1980); *Ritmanich v. Jonnel Enterprises, Inc.*, 219 Pa.Superior Ct. 198, 280 A.2d 570 (1971). The record as a whole should be examined in the light most favorable to the party opposing the motion and all doubts as to the existence of a genuine issue about a material fact must be resolved in that party's favor, that

is, against the entry of summary judgment. See *Bowman v. Sears, Roebuck & Co.*, 245 Pa.Superior Ct. 530, 369 A.2d 754 (1976); *Husak v. Berkel, Inc.*, 234 Pa.Superior Ct. 452, 341 A.2d 174 (1975); *Schacter v. Albert*, 212 Pa.Superior Ct. 58, 239 A.2d 841 (1968). And see *Hankin v. Mintz, supra; Ritmanich v. Jonnel Enterprises, Inc., supra*. In disposing of such a motion the court's function is not to decide issues of fact, but solely to determine whether there are material issues of fact to be decided. See *Hankin v. Mintz, supra; Ritmanich v. Jonnel Enterprises, Inc., supra*.

In this case there is a genuine issue as to whether the planting as required by Paragraph Twelfth was performed.

■ In our opinion, the court below erred in its interpretation that the lease merely required the defendant to comply with the Surface Mining Conservation and Reclamation Act. The lease required more than this. In addition, appellee argues that if the Department of Environmental Resources erred in discharging it under the Act that the issue should be raised before the department and not in the courts. This argument misses the point. The issue was not whether the appellee has complied with the requirements of the Surface Mining Conservation and Reclamation Act, and it apparently has, but whether it is in breach of its contract with the appellant.

■ We do not believe that the Surface Mining Conservation and Reclamation Act requires that all contractual questions be referred to the Department of Environmental Resources. The Act provides only that "all surface mining operations shall be under the exclusive jurisdiction of the department..." 52 P.S. § 1396.4b. Whether certain types of trees had been planted in accordance with the terms of a lease agreement does not fall within the definition of surface mining operations.

Judgment reversed.