617 A.2d 1

**SEDAT, INC., Appellant,**

v.

**Kenneth J. FISHER and Ann Fisher, Husband and Wife.**

Superior Court of Pennsylvania.

Argued Aug. 25, 1992.

Filed Nov. 24, 1992.

470

John G. Greeno, Pittsburgh, for appellant.

Lee J. Calarie, Asst. Public Defender, Kittanning, for appellees.

Before DEL SOLE, KELLY and BROSKY, JJ.

BROSKY, Judge.

This is an appeal from an Order dismissing appellant's Complaint in Equity following submission of the matter upon a stipulation of facts.

Appellant owns a sixty-four acre subsurface tract of coal in Armstrong County. This ownership is evidenced by a coal deed from the Twin Oaks Coal Company (Twin Oaks) to appellant. The deed has been duly recorded in the Office of the Recorder of Armstrong County. Appellees are the owners of a fifty-one acre tract of surface land in Armstrong County, underneath which lies appellant's subsurface tract. Appellees' ownership is evidence by a deed from William Martin Schreckengost to them. This deed has also been duly recorded in the Office of the Recorder of Armstrong County and contains a clause "excepting and reserving all the coal and stripping rights as previously conveyed by predecessors in title." *See* Exhibit "C", Complaint in Equity. Appellant wishes to apply for a surface mining permit pursuant to Section 1396.4 of the Surface Mining Conservation and Reclamation Act, 52 Pa.S.A. § 1396.4 (SMCRA), to mine the coal in the aforesaid subsurface tract pursuant to the rights granted to it by the coal deed from Twin Oaks.

Appellant has requested appellees to sign a consent form which it believes the applicable statute and the accompanying regulations of the Department of Environmental Resources (DER) require from a surface landowner to accompany an application for a mining permit. The purpose of the consent

form is to permit the miner to enter the property of the surface owner in order to conduct mining activities and for five years thereafter to enter the property to reclaim it, to construct pollution abatement facilities and to permit DER to enter to inspect the property. Appellees have refused to sign the consent form. They contend that appellant would be successful in obtaining a surface mining permit without their consent and that they are not interfering in any way with appellant's rights under its coal deed from Twin Oaks. However, appellant believes that it is unable to exercise its rights under the coal deed from Twin Oaks without appellees' consent to enter the surface land.

On appeal, appellant challenges the appellees' refusal to sign the consent form and argues that the court in equity abused its discretion by failing to order appellees to sign the consent form. We affirm.

The trial court and all parties agree that the coal deed by which Twin Oaks conveyed the subsurface land in question to appellant is a deed of severance. This Commonwealth recognizes three separate estates in land, *viz:* (1) the surface, itself, (2) the right of support and (3) the minerals under the surface. *Pennsylvania Bank & Trust Co. v. Dickey,* 232 Pa.Super. 224, 335 A.2d 483 (1975). This being the case, it is entirely possible that different persons or entities may have title to the different estates in the same land. *Id.* Normally, the owner of the surface estate is also the owner of the mineral rights unless the mineral rights are severed from the ownership of the surface land by grant or exception. In this case, the minerals in the subsurface become separate corporeal rights. *Id.*

The coal deed from Twin Oaks to appellant conveys *"[a]ll of the coal in and under all of that certain tract of land* situate in Wayne Township, Armstrong County, Pennsylvania, bounded and described as follows:" (Emphasis supplied). The deed from Mr. Schreckengost to appellees grants *"[all] that certain piece, parcel or tract of land* situate in Wayne Township, Armstrong County and the Commonwealth of Pennsylvania, bounded and described as follows:" (Emphasis supplied). The

description which follows in each deed is identical. Hence, it is apparent that land in question consists of two separate estates, i.e., surface and the mineral or subsurface, the ownerships of which are severed.

■ Section 1396.3a(a) of SMCRA, 52 P.S. § 1396.3a(a), requires one who wishes to conduct a surface mining operation in Pennsylvania to obtain a permit from DER to do so. Section 1396.4(a)(2)F of SMCRA reads in pertinent part:

> Except for permit applications based upon *leases* in existence [for a period of time not here applicable], the application for a permit shall include, upon a form prepared and furnished by the department, the written consent of the *landowner* to entry upon any land to be affected by the operation by the operator and by the Commonwealth and any of its authorized agents prior to the initiation of surface mining operations, during surface mining operations and for a period of five years after the operation is completed or abandoned for the purpose of reclamation, planting, and inspection or for the construction of any pollution abatement facilities as may be deemed necessary by the department for the purposes of this act. . . .

Emphasis supplied. Section 1396.4(a)(2)F(ii) of SMCRA provides that the application and consent forms "shall not be construed to alter or constrain the contractual agreements and rights of the parties thereto:" Thus, the above provision may not alter the already existing duly recorded rights of the owner of the subsurface to conduct permissible mining operations. This same provision defines "landowner" as "a person holding title to or having a proprietary interest in either surface or subsurface rights." "Person", in turn, is defined as "any . . . partnership, association or corporation. . . ." 52 P.S. § 1396.3.

Our reading of the pertinent provision of SMCRA leads us to make the following observation. Section 1396.4 of SMCRA, we believe, contemplates situations where the applicant for a mining permit is a lessee of the landowner because it refers in Section (a)(2)F to permit applications based upon leases. Appellant is not a lessee. It is the owner of a separate mineral

estate of the land in question under a severance deed. Appellees are the owners of a separate surface estate in this land. In light of the definition of "landowner" provided for in Section 1396.4(a)(2)F(ii) of SMCRA, we do not believe that the Legislature contemplated requiring an entity like appellant to obtain the consent of appellees to conduct mining activities in an estate in land which it already owns by virtue of a duly recorded deed of severance. Moreover, this same statutory provision guarantees that any forms which appellant is required to file with DER will not alter or constrain its already existing rights in this land.

■ Our observation in this regard is bolstered by the pertinent regulations promulgated by DER. Chapter 86 of Title 25 of the Pennsylvania Code contains regulations promulgated by DER with respect to coal mining. The regulations of DER contained in Subchapter B thereof relate to coal mining permits. Section 86.64, entitled "Right of entry", reads in pertinent part as follows:

(b) The application for a permit shall provide *one* of the following for lands within the permit area:

(1) A copy of the written consent of the current *surface owner* to the extraction of coal by surface mining methods.

(2) A copy of the *document of conveyance that expressly grants or reserves the right to extract the coal by surface mining methods* and an abstract of title relating the documents to the current surface land owner.

25 Pa.Code § 86.64; emphasis supplied. Section 86.64(c) repeats the statutory language of 52 P.S. § 1396.4(a)(2)F. Finally, pertinent to our disposition here is Section 86.64(d):

For the purpose of this section, the term 'lease' means an agreement in which the *surface landowner is the lessor and the applicant is the lessee* or the assignee of the lessee. *A deed of severance is not a lease.*

Emphasis supplied. Hence, an applicant like appellant, who holds title to an estate in the subsurface land by grant of a severance deed, need only provide with the application a copy

of the document of conveyance as set forth in 25 Pa.Code § 86.64(b)(2), *supra*. In appellant's case, the document of conveyance would be the coal deed conveyed to it by Twin Oaks. The granting clause in the coal deed bestows upon appellant

> the right to the full extent of Grantee's title thereto to strip mine, deep mine, and/or auger drill, and otherwise to develop and work and process for market said coal and other coal now owned or hereafter acquired by Grantee, its successors or assigns, by any method or machinery ... including the free and uninterrupted right and right of way into, upon, over, under and through the said land at such points and in such manner as may be convenient or necessary for the purpose of all operations in connection therewith and in the horizons of said coal seams and in the strata above or below, the same, and other coal now owned or hereafter acquired by Grantee, its successors or assigns, including but not limited to, the transportation of personnel, supplies and equipment, and the right to explore, test drill, dig, mine, drain, ventilate, transport and carry away said coal ... and to erect and maintain on the premises such structures and improvements necessary or convenient to said operations; and without being required to leave or provide subjacent [sic] or lateral support for the overlying structures or improvements now or hereafter erected thereon; and in connection with strip mining [and other types of mining], the right and privilege to excavate, drill, removal and displace any or all of the [material in, around or about the coal] and the horizons thereof and to dump or deposit the same on or off the premises....

Therefore, no necessity exists for appellant to obtain and attach the written consent of appellees to an application for a surface mining permit under the circumstances of appellant's ownership of the subsurface mineral rights in question. Moreover, the deed from Mr. Schreckengost to appellees contains a clause excepting and reserving all coal and stripping rights. In *Clearfield Bank & Trust Co. v. Shaffer*, 381 Pa.Super. 259, 553 A.2d 455 (1989), *aff'g*, 41 Pa.D. & C.3d 542

(1983), this court held that a clause in a deed from Clearfield to the Shaffers excepting and reserving coal mining rights constituted an implied consent by the grantees (the Shaffers) to permit the bank's lessee to go onto the land to conduct strip mining operations without the necessity of express language in the deed stating that no permission or consent would be required from the surface owners (the Shaffers) before the bank's lessee could go onto the land. The *Clearfield* court held that a contrary ruling would render the exception and reservation clause useless and would give the surface owners (the Shaffers) control over the rights of the subsurface owner (the Bank) and its assignees.

Although we do not have before us in the present case a lessor/lessee relationship where Twin Oaks leased its mineral estate to appellee for the purpose of conducting a strip mining operation, *Clearfield* is illustrative of a situation where the owner of a subsurface mineral estate does not need a separate written, express consent of the surface owner apart from a clause in a coal deed excepting and reserving coal mining rights to permit the assignee or lessee of the mineral estate owner to enter the estate to conduct mining operations and to perform subsequent reclamation. Hence, pursuant to *Clearfield*, the exception and reservation clause in the deed between Mr. Schreckengost and appellees operates as an implied consent on the part of appellees to fulfill the requirements of Section 1396.4(a)(2)F of SMCRA, 52 P.S. § 1396.4(a)(2)F, and Section 86.64(b)(2) of the applicable regulations, 25 Pa.Code § 86.64(b)(2).

The trial court in its Opinion written in support of its Order dismissing appellant's Complaint opined that appellant must first apply for a surface mining permit from DER. Appellant, however, counters that application for a permit would be an exercise in futility because DER will not approve the application without the requisite consent form. In response to this argument, the trial court wrote:

Without proof that [appellant] has attempted application to the D.E.R. and has been denied, or without proof that the D.E.R. has specifically requested the consent form, there is

nothing in dispute before this Court and any determination would constitute nothing more than an advisory opinion. Trial Court Opinion, p. 5. Upon this basis, the trial court dismissed appellant's Complaint in Equity.

■ An advisory opinion is one which is unnecessary to decide the issue before the court, and it is true that the courts of this Commonwealth are precluded from issuing such advisory opinions. *Courtney v. Ryan Homes, Inc.*, 345 Pa.Super. 109, 497 A.2d 938 (1985). *Accord In re Milton S. Hershey Medical Center*, 407 Pa.Super. 565, 595 A.2d 1290 (1991). *See also Okkerse v. Howe*, 521 Pa. 509, 556 A.2d 827 (1989) (advisory opinions are without legal effect). Here, appellant does not allege that DER has adversely acted upon its application for a mining permit for failure to include the written consent of appellees. Rather, appellant concedes that he has not even applied for a permit. Thus, the claim does not appear, at first blush, to be a justiciable one. *See Zinc Corp. v. Dept. of Environmental Resources*, 145 Pa.Commw. 363, 603 A.2d 288 (1992).

■ However, appellant has not, by the institution of this cause of action, requested the trial court or this court to pre-review a mining permit application or to pass upon the ultimate success or not of any such application. DER is not even a party to this action. Rather, appellant has instituted suit against appellees to obtain an Order or a Decree compelling appellees to consent in writing to its entry upon their land for the purpose of conducting mining operations and subsequent reclamation activities because appellant believed that the applicable statute and the accompanying regulations required it to obtain their written consent and to affix a document evidencing this written consent to its application for a permit. Our examination of the relevant statute and regulations and the case law leads us to conclude that appellant is not required to obtain appellees' written consent in order to process its application for a mining permit under the circumstances of this case. It is for this reason that we are affirming the Order in question. An appellate court may affirm the decision of the trial court for reasons other than those relied upon by that

tribunal. *See, e.g., Williams v. Otis Elevator Co.,* 409 Pa.Super. 486, 598 A.2d 302 (1991). Our disposition here is not advisory because we have not pre-reviewed any mining permit application, nor have we passed upon its likely success or not. Assessment and review of mining permit applications are within the exclusive province and expertise of DER.[1]

Order affirmed.

---

1. To support its argument that DER will not accept its application for a mining permit without a written consent form signed by appellees to accompany the permit application, appellant relies upon *Maul v. Guthrie,* 9 D. & C.3d 482 (Clarion Co.1977). In *Maul,* the original landowners entered into a written agreement with Maul to allow him to enter their land to remove coal therefrom. Maul contracted with Mauersberg Coal Company to remove the coal. When the wife/landowner died, her husband transferred ownership of the property in question to his daughters. The daughters refused to sign the consent form stating that nothing in the agreement between their parents and Maul required them to sign a consent form to permit Mauersberg, Maul or the Commonwealth to enter the land to reclaim, to inspect or to construct mine drainage treatment facilities. However, pursuant to the doctrine of necessary implication, the trial court ordered the landowner/defendants to sign the consent form which DER had requested from Maul after its assignee had applied to DER for a mining permit. The court stated that when the statute imposes an obligation upon the parties, this obligation is implied in any contractual undertaking between them.

The trial court here distinguished *Maul* on the basis that DER requested the consent form after Mauersberg had actually applied for the permit. The trial court here stated that unlike the situation in *Maul,* no evidence exists that appellant has even applied for a permit or that a permit has been denied on the basis of lack of written consent. Appellant acknowledges that he has not applied for any such permit because of his belief that he is required to obtain the written consent of appellees before doing so. As noted in the text, however, we are disposing of this matter on the basis that the applicable statute and the pertinent regulations do not require the written consent of appellees as part of the application. Thus, the doctrine of necessary implication is irrelevant to the matter at bar.