J-S67018-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EMERY GIBSON | |
| Appellant | No. 379 WDA 2014 |

Appeal from the Judgment of Sentence December 6, 2011
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000966-2010

BEFORE: DONOHUE, J., MUNDY, J., and FITZGERALD, J.[*]

CONCURRING AND DISSENTING STATEMENT BY MUNDY, J.:
**FILED: NOVEMBER 25, 2015**

I agree with the Majority that our previous conclusion that the trial court improperly sentenced Appellant is correct and join fully in that portion of the Majority Memorandum. I do not agree that Appellant's reformulated third issue for which the Majority granted panel reconsideration is properly before us, and I conclude the Majority's discussion of that issue is dicta. Appellant asks us to "defin[e] the proper administration of [his] ***Alford*** plea."[1] Appellant's Brief on Reconsideration at 5. ***Alford*** was decided in the context of determining the voluntariness of a defendant's plea, not

_____

[*] Former Justice specially assigned to the Superior Court.

[1] ***North Carolina v. Alford***, 400 U.S. 25 (1970).

delineating the discretion of a trial court in whether to accept such a plea. *Id.* at 36-37.

> Our holding does not mean that a trial judge must accept every constitutionally valid guilty plea merely because a defendant wishes so to plead. A criminal defendant does not have an absolute right under the Constitution to have his guilty plea accepted by the court, … although the States may by statute or otherwise confer such a right. Likewise, the States may bar their courts from accepting guilty pleas from any defendants who assert their innocence.

*Id.* at 38 n.11 (citations omitted).

The Majority Memorandum, in my view, improperly addresses the parameters of the trial court's discretion under Pennsylvania Rule of Criminal Procedure 591, upon remand. *See* Pa.R.Crim.P. 591 (providing in part, "any time before the imposition of sentence, the court may, in its discretion, … direct, *sua sponte*, the withdrawal of a plea of guilty … and the substitution of a plea of not guilty") (emphasis added); *Commonwealth v. Herbert*, 85 A.3d 558, 565 (Pa. Super. 2014) (noting our appellate courts "have granted trial courts broad discretion in deciding whether to withdraw a guilty plea *sua sponte*"); *Commonwealth v. Rosario*, 652 A.2d 354, 363 (Pa. Super. 1994) (*en banc*) (upholding the trial court's *sua sponte* withdrawal of defendant's guilty plea where a factual basis for the plea was lacking), *appeal denied*, 685 A.2d 547 (Pa. 1996).

By addressing this issue, which has not been addressed by the trial court, the Majority ignores the limited scope of our appellate review.

Our Supreme Court has admonished that an appellate court does not sit to review questions that were neither raised, tried, nor considered by the trial court. … The Superior Court, as an error-correcting court, may not purport to reverse a trial court's order where the only basis for a finding of error is a claim that the responsible party never gave the trial court an opportunity to consider.

*Lineberger v. Wyeth*, 894 A.2d 141, 147 (Pa. Super. 2006). In this case, the Majority is providing a prohibited advisory opinion.

We do not (indeed, we cannot) decide the future repercussions of this decision, as it would violate the prohibition against the issuance of an advisory opinion. *See Sedat, Inc. v. Fisher*, 420 Pa.Super. 469, 617 A.2d 1, 4 (1992) ("An advisory opinion is one which is unnecessary to decide the issue before the court, and … the courts of this Commonwealth are precluded from issuing such advisory opinions.").

*U.S. Bank, N.A. v. Pautenis*, 118 A.3d 386, 403 (Pa. Super. 2015).

For these reasons, I concur in the Majority's decision to vacate the judgment of sentence, but I dissent from its directives relative to the trial court's discretion on remand under Rule 591.