J-S31024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GERARD GETER | : | |
| | : | |
| Appellant | : | No. 2585 EDA 2021 |

Appeal from the Judgment of Sentence Entered November 10, 2021
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0001136-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GERARD GETER | : | |
| | : | |
| Appellant | : | No. 2586 EDA 2021 |

Appeal from the Judgment of Sentence Entered November 10, 2021
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002925-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GERARD GETER | : | |
| | : | |
| Appellant | : | No. 2587 EDA 2021 |

Appeal from the Judgment of Sentence Entered November 10, 2021
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002951-2017

J-S31024-22

BEFORE:    BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED DECEMBER 13, 2022**

Appellant Gerard Geter appeals from the judgment of sentence imposed after the trial court found him in violation of his probation.  Appellant argues that the trial court abused its discretion by failing to state the reasons for declining to order a pre-sentence investigation (PSI) report.  We affirm.

The underlying facts of this case are well known to the parties.  **See** Trial Ct. Op., 4/29/22, at 1-6.  Briefly, Appellant was found in violation of his probation in three separate cases on November 10, 2021.  **See** N.T. Hr'g, 11/10/21, at 13-15.  That same day, the trial court sentenced Appellant to an aggregate term of two-and-a-half years' incarceration.  **Id.**  The trial court did not order a PSI report and did not state the reasons for why it declined to do so.  Appellant did not object to the lack of a PSI report at sentencing and did not file a post-sentence motion raising that claim.

Appellant subsequently filed timely notices of appeal and a court-ordered Pa.R.A.P. 1925(b) statement[1] in which he challenged the trial court's

_____

[*] Former Justice specially assigned to the Superior Court.

[1] We note that Appellant's direct appeal counsel initially submitted a statement of intent to file an **Anders**/**Santiago** brief pursuant to Pa.R.A.P. 1925(c)(4). **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  However, counsel subsequently sought leave to file a Rule 1925(b) statement *nunc pro tunc*, explaining that "a post-sentence motion for reconsideration of sentence and a merit-based [Rule 1925(b) statement] should have been filed" in all three cases and arguing "that preventing a finding of ineffective assistance of counsel would constitute
*(Footnote Continued Next Page)*

- 2 -

failure to order a PSI report for the first time. The trial court issued a Rule 1925(a) opinion in which it concluded that Appellant waived his sentencing claim by failing to raise the issue at sentencing or in a post-sentence motion. *See* Trial Ct. Op. at 7-8. However, the trial court also addressed the merits of Appellant's claim, concluded that he was not entitled to relief, and requested that this Court issue a decision addressing the merits of the issue in the interest of judicial economy.[2] *See id*. at 8-10.

On appeal, Appellant raises the following issue for review:

Did the [trial] court abuse its discretion when it did not comply with Pa.R.Crim.P. 702 (a)(2)(a) and *Commonwealth v. Flowers*, 950 A.2d 330 (Pa. Super. 2008) in that it neither ordered nor placed on the record the reasons for declining to order and review a pre-sentence investigation report when it imposed a sentence greater than one year of incarceration, and the record offered no effective substitute for a pre-sentence investigation report?

Appellant's Brief at 4.

Initially, we must address whether Appellant has preserved his discretionary sentencing claim for review. *See Flowers*, 950 A.2d at 331

---

good cause shown and extraordinary circumstances" pursuant to Pa.R.A.P. 1925(b)(2)(i). *See* Pet. to File Am. Rule 1925(b) Statement, 1/24/22, at 2.

[2] Specifically, the trial court reasoned that if this Court concluded that Appellant waived his sentencing claim, it would "give rise to a claim under the [Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, (PCRA)] for ineffective assistance of counsel," which would "require an examination of whether Appellant was prejudiced by counsel's failure to file [] post-sentence motions challenging the discretionary aspects of the court's sentences." Trial Ct. Op. at 7-8. Therefore, the trial court asserted that there was good cause for this Court to address Appellant's underlying sentencing claim in the interest of judicial economy. *See id.*

(holding that a claim that the court erred in failing to order a PSI report implicates the discretionary aspects of sentencing). "[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); *see also* Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

Here, as noted previously, Appellant did not preserve his instant claim at the sentencing hearing or raise the issue in a post-sentence motion. Therefore, Appellant's claim is waived. *See Malovich*, 903 A.2d at 1251.

Further, we decline the trial court's invitation to address Appellant's claim in anticipation of a future PCRA petition.[3]  Accordingly, we affirm the judgment of sentence without prejudice to Appellant's right to raise ineffectiveness claims in a timely filed PCRA petition.

Judgment of sentence affirmed.

_____

[3] As noted previously, the trial court has requested that we address the merits of Appellant's sentencing issue in anticipation of a future PCRA claim.  **See** Trial Ct. Op. at 8.  However, "it is not within this Court's province to offer such guidance because any analysis in this regard would amount to nothing more than an advisory opinion.  This Court may not provide advisory opinions to address issues that may arise in future cases." **Commonwealth v. Enix**, 192 A.3d 78, 84 n. 5 (Pa. Super. 2018) (citation omitted); **see also Sedat, Inc. v. Fisher**, 617 A.2d 1, 4 (Pa. 1992) (stating that "[a]n advisory opinion is one which is unnecessary to decide the issue before the court, and . . . the courts of this Commonwealth are precluded from issuing such advisory opinions" (citations omitted)).

Further, even if Appellant's direct appeal counsel was deemed ineffective for failing to file a post-sentence motion, Appellant did not raise that issue on appeal before the trial court, nor did he raise an ineffectiveness claim in his brief.

In any event, absent certain exceptions, ineffectiveness claims are generally deferred to PCRA review and are not cognizable on direct appeal.  **See Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002), *abrogated on other grounds*, **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021); **see also Commonwealth v. Holmes**, 79 A.3d 562, 563-64 (Pa. 2013) (recognizing exceptions to **Grant** where (1) there are extraordinary circumstances in which trial counsel's "ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice" or (2) "there is good cause shown" and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence).  Based on our review of the record, we find no basis to conclude that extraordinary circumstances exist in this case, as it is not clear that Appellant's claims are meritorious and entitled to immediate consideration.  Further, Appellant has not expressly waived his right to subsequent PCRA review.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/13/2022</u>