East Goshen Township and West Goshen Township, Petitioners *v.* Pennsylvania Public Utility Commission, Respondent.

Argued October 17, 1984, before Judges WILLIAMS, JR., DOYLE and BARRY, sitting as a panel of three.

*Ronald C. Nagle,* with him, *Robert F. Adams,* for petitioners.

*Thomas J. Sniscak,* Assistant Counsel, with him, *Barbara S. Kahoe,* Assistant Counsel, *Louise A. Knight,* Deputy Chief Counsel, and *Charles F. Hoffman,* Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, January 10, 1985:

This appeal results from an order of the Pennsylvania Public Utility Commission (Commission) reversing an order of an Administrative Law Judge (ALJ) which had ordered the Great Valley Water Company (Great Valley) to take certain steps in order to improve its service in East Goshen Township and West Goshen Township.

In June, 1977, four complaints were filed with the Commission alleging that Great Valley was providing inadequate service; two of the complaints were filed by residents of East Goshen Township and both of the Townships (petitioners) filed complaints. The four complaints were consolidated. Hearings on the complaints were held in May, 1978, at which numerous witnesses testified about problems because of inadequate water pressure. Two years later, in May of 1980, the ALJ issued his initial decision finding that Great Valley was not providing adequate service and accordingly ordering Great Valley to take certain steps to rectify the deficiencies. Great Valley filed

both exceptions to the initial decision and a petition for reconsideration, alleging that in the two year interim since the hearings it had made improvements to the system and was now rendering adequate service. The ALJ, holding that additional hearings were unnecessary, dismissed the exceptions and affirmed his initial decision.

Shortly thereafter, the Commission, by letter of its secretary, requested the parties to file supplemental briefs on the issue of the current status of Great Valley's then present service to its customers. The Commission thereafter ordered the ALJ to conduct additional hearings which were, in fact, held on January 25, 1982. In December of 1982, the ALJ issued another initial decision, finding that service was still inadequate and ordering specific improvements. Great Valley filed exceptions which the ALJ dismissed. Great Valley appealed to the Commission in February, 1983, and the appeal was sustained as the Commission found that Great Valley was providing adequate service. As a result, the Commission dismissed the complaints. Both East Goshen Township and West Goshen Township appealed to this Court.

When reviewing an order of the Commission, this Court is limited to determining whether constitutional rights have been violated, whether an error of law has been committed or whether the necessary factual findings are supported by substantial evidence. *Pennsylvania Electric Company v. Pennsylvania Public Utility Commission,* 53 Pa. Commonwealth Ct. 186, 417 A.2d 819 (1980). Furthermore, Section 1501 of the Public Utility Code (Code), 66 Pa. C. S. §1501, requires public utilities to

> furnish and maintain *adequate, efficient, safe, and reasonable service* and facilities, and shall make all such repairs, changes, alterations,

substitutions, extensions, and improvements in or to such service and facilities as shall be necessary or proper for the accommodation, convenience, and safety of its patrons, employees, and the public. *Such service also shall be reasonably continuous and without unreasonable interruptions or delay.* (Emphasis added.)

The adequacy of service is a question specially suited for the competence and expertise of the Commission. *Elkin v. Bell Telephone Co. of Pennsylvania,* 491 Pa. 123, 420 A.2d 371 (1980). With these precepts in mind, we will review petitioners' allegations of error.

Petitioners argue that the Commission committed an error of law in reversing the ALJ's initial decision, in essence by ignoring the ALJ's factual findings. Section 335(a) of the Code provides, "On review of the initial decision, the commission has all the powers which it would have in making the initial decision. . . ." 66 Pa. C. S. §335(a). In *G.G. & C. Bus Co. v. Pennsylvania Public Utility Commission,* 42 Pa. Commonwealth Ct. 384, 400 A.2d 941 (1979), the Commission rejected an ALJ's initial decision. The bus company argued that the Commission was bound to accept an ALJ's initial decision unless it is clearly erroneous. Because of a provision in the forerunner to the Code which is identical to the present Section 335(a), we rejected this argument, stating, "A broader grant of power to the commission in the disposition of initial decisions in cases it chooses to review can scarcely be imagined. Therefore, G.G. & C.'s argument that the Administrative Law Judge's initial decision could not be disregarded by the Commission is unacceptable." *Id.* at 390, 400 A.2d at 944. We likewise must reject petitioners' argument.

Petitioners next argue that the Commission's finding that Great Valley is providing adequate service

is not supported by substantial evidence. The evidence presented at the initial hearings in 1978 showed that a number of Great Valley's customers were experiencing problems with inadequate water pressure. At the second hearing, testimony was presented which showed that steps taken by Great Valley had resolved the problems and that complaints from customers had been substantially reduced. Furthermore, petitioners presented testimony of a hydrology expert who opined that under hypothetical conditions, using Great Valley's fire hydrants during a fire would make it impossible to deliver adequate water to residential customers. No testimony was presented to show this had actually happened and there was testimony that the West Goshen Fire Company had used fire hydrants to fight major fires. Finally, there was testimony that demand for water by Great Valley's customers exceeded the company's ability to supply water from its own wells. During the period, the entire region was in the midst of a severe drought. In fact, restrictions on non-essential water use were imposed throughout Chester County. Further, Great Valley has been able to purchase sufficient amounts of water from a neighboring water company to make up these shortages. In short, we have reviewed the entire record and are convinced that it contains substantial evidence to support the Commission's finding that Great Valley is providing adequate service.

Finally, petitioners claim that the Commission considered evidence outside the record in reaching its determination. In fact, the Commission, in its opinion, did allude to improvements which had been made after the last hearing. As already mentioned, however, we believe the evidence in the record substantiates the Commission's finding of adequate service; therefore, if error occurred, it was harmless.

ORDER

Now, January 10, 1985, the September 20, 1983 orders of the Pennsylvania Public Utility Commission at Nos. C-22446, C-22447, C-22452 and C-22461, are affirmed.