568 A.2d 1362

**AT & T COMMUNICATIONS OF PENNSYLVANIA, Petitioner,**

v.

**PENNSYLVANIA PUBLIC UTILITY COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 16, 1989.

Decided Jan. 19, 1990.

Craig A. Doll, Harrisburg (Kenneth L. Demarest, Jr., of counsel); for petitioner.

Patricia Krise Burket, Asst. Counsel, with her, Frank B. Wilmarth, Deputy Chief Counsel, and John F. Povilaitis, Chief Counsel, for respondent.

Before DOYLE, COLINS and PALLADINO, JJ.

DOYLE, Judge.

AT & T Communications of Pennsylvania (AT & T) appeals an order of the Public Utility Commission (PUC) holding that AT & T violated Section 1501 of the Public Utility Code (Code), 66 Pa.C.S. § 1501 when it failed to provide Michael Dayton with adequate service by misrepresenting and/or misquoting the telephone rates of AT & T and Bell of Pennsylvania.

This appeal stems from Dayton filing a complaint with the PUC against AT & T for AT & T's failure to bill him at the telephone rate quoted to him by a representative of AT & T. The quoted rate was for "actual conversation time" rather than for a one minute average call length set forth in the Wide Area Telephone (WATS) rate plan (tariff) approved by the PUC.

After a hearing before Administrative Law Judge Robert A. Christianson (ALJ), the ALJ found that Dayton was "essentially asserting a claim for negligence and [was] seeking damages" and that the proper place to bring the action was in a court of law rather than with the PUC. He also determined that Dayton had not demonstrated inadequate or unreasonable utility service on the part of AT & T. Dayton filed exceptions to the ALJ'S decision. The PUC both granted in part and denied in part the exceptions, and determined that Dayton had demonstrated that he was not clearly informed of the rates, but further determined that the record was inadequate for it to decide whether a violation of the Public Utility Code[1] had occurred and if so whether such violation could be remedied. The PUC thus remanded the case to the ALJ for further hearings to determine whether any violations of the Code had occurred, and if so, whether they were remediable under the Code. After the ALJ conducted the hearings, he dismissed Dayton's complaint again on the basis that the Commission lacked jurisdiction to grant relief in a "negligence" action. The PUC then notified the parties that the ALJ's dismissal had become final. By letter to the PUC, Dayton filed a petition requesting reconsideration of the dismissal of his complaint. The PUC treated Dayton's request for reconsideration as a request to amend or rescind an order and granted his request. By its subsequent order, the PUC found that AT & T had violated Section 1501 of the Code, but it did not impose a fine and would not grant Dayton's requested relief that AT & T deviate from its established tariffs and charge him the lesser rate quoted to him. AT &

1. 66 Pa.C.S. §§ 101–3315.

T now appeals the PUC's order.[2]

AT & T first contends that misrepresentation is not actionable under Section 1501 of the Code and that Section 1501 applies only in actions involving the physical attributes of a public utility's service. Section 1501 of the Code provides in pertinent part:

**Character of service and facilities**

Every public utility shall furnish and maintain adequate, efficient, safe, and reasonable service and facilities, and shall make all such repairs, changes, alterations, substitutions, extensions, and improvements in or to such service and facilities as shall be necessary or proper for the accommodation, convenience, and safety of its patrons, employees, and the public. Such service also shall be reasonably continuous and without unreasonable interruptions or delay. Such service and facilities shall be in conformity with the regulations and orders of the commission.

As set forth in Section 501(a) of the Code, 66 Pa.C.S. § 501(a), "the commission shall have full power and authority, and it shall be its duty to enforce, execute and carry out, by its regulations, orders, or otherwise, all and singular, the provisions of this part, and the full intent thereof."

 Section 501(a) of the Code thus gives the PUC the authority to execute and carry out the provisions of the Code, including those of Section 1501. Section 1501 sets forth the character of service and facilities that every public utility must give. It mandates that every public utility "furnish and maintain adequate, efficient, safe, and reasonable service and facilities." Thus, the first issue for our consideration is whether a misrepresentation of telephone rates by AT & T is tantamount to failure to provide "reasonable service" and is therefore actionable under Section

2. Our scope of review is limited to determining whether constitutional rights have been violated, an error of law has been committed or whether the Commission's findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Bell Telephone Co. of Pa. v. Pennsylvania Public Utility Commission,* 83 Pa.Commonwealth Ct. 331, 478 A.2d 921 (1984).

1501 of the Code. To decide this, we must first determine whether quoting telephone rates is a service. Section 102 of the Code, 66 Pa.C.S. § 102, defines "service" as:

> Used in its broadest and most inclusive sense, includ[ing] *any and all acts done, rendered, or performed*, and any and all things furnished or supplied, and any and all facilities used, furnished, or supplied by public utilities ... and the public, as well as the interchange of facilities between two or more of them. (Emphasis added.)

The issue of adequacy and reasonableness of service by public utilities has been entertained by our appellate courts on prior occasions and it has determined that certain acts were done while rendering a "service" and were thus actionable under the Code. *See, e.g., Feingold v. Bell of Pennsylvania*, 477 Pa. 1, 383 A.2d 791 (1977) (providing directory listings is a service); *Morrow v. Bell Telephone Co. of Pa.*, 330 Pa.Superior Ct. 276, 479 A.2d 548 (1984) (assisting in customer deposit practices is a service); *Elkin v. Bell Telephone Co.*, 247 Pa.Superior Ct. 505, 372 A.2d 1203 (1977), *aff'd*, 491 Pa. 123, 420 A.2d 371 (1980) (rendering adequate directory assistance is a service). In light of the Code's broad definition of service, we hold that quoting telephone rates to customers is also a service contemplated under Section 1501 of the Code. It was thus proper for the PUC to consider AT & T's misquotation of rates a Section 1501 violation.[3]

AT & T next argues that the PUC failed to set forth its findings in sufficient detail as required by Section 703(e) of the Code, 66 Pa.C.S. § 703(e), in that it (1) gave no explanation supporting its conclusion and (2) gave no explanation of the relationship between the evidence and the Section 1501 violation.

3. AT & T asserts that the effect of the Commission's order is that it should violate established tariff rates with respect to Dayton. We disagree. The Commission found that AT & T violated Section 1501, not by charging unlawful rates, but by misrepresenting the charges. Indeed, this is why it did not grant Dayton damages. We further reject the notion that Dayton should be charged with knowledge of the tariff rates.

The basic requirement of a PUC order under Section 703(e) is that it "be sufficiently specific to enable us to determine the controverted question and whether proper weight was given to the evidence." *Jones Motor Co., Inc. v. Pennsylvania Public Utility Commission*, 202 Pa.Superior Ct. 134, 143, 195 A.2d 125, 129–30 (1963). The PUC's findings here are specific enough for us to determine the basis of its order and the ten-page order sufficiently addressed the facts and issues.

AT & T also finds fault with the PUC's disregard of the ALJ'S decision. It is well settled, however, that the PUC is the ultimate fact finder and has full authority to disregard the initial decision of the ALJ. *East Goshen Township v. Pennsylvania Public Utility Commission*, 87 Pa.Commonwealth Ct. 52, 486 A.2d 550 (1985). Thus, in crediting the testimony of Dayton over that of an AT & T witness, it committed no error.

In its next argument, AT & T asserts that the PUC improperly considered untimely exceptions, and it contends that the decision of the ALJ became final by operation of law when the exceptions were not timely filed. The PUC admits that the exceptions were filed one day late; however, the Commission argues that to refuse to entertain the exceptions would be an arbitrary and capricious deviation from the PUC's policy.

Under Section 1.2(a) of Title 52 of the Pennsylvania Code, 52 Pa.Code. § 1.2(a), the general provisions of rules of administrative practice shall be construed liberally to secure the "just, speedy and inexpensive determination of every action" and an agency employing this rule may at any stage of an action, "disregard an error or defect of procedure which does not affect the substantive rights of the parties." *Id.* AT & T has not shown that it was prejudiced by the PUC's entertaining the untimely exceptions, and we believe that justice was best served by the PUC having done so.

AT & T finally argues, in the alternative, that the PUC erred in granting a request for "reconsideration,"

which it treated as a petition to amend or rescind, without any allegation by Dayton that there was new evidence for the PUC to consider. While *rehearing* petitions must allege newly discovered evidence, it is clear that under Section 703(g) of the Code, 66 Pa.C.S. § 703(g),[4] there is no such requirement for petitions to amend or rescind. It was within the PUC's discretion to characterize the letter as it did. AT & T has shown no prejudice by the characterization and we will not overturn the PUC's order on this basis.

Having determined that misrepresentation of telephone rates is actionable under Section 1501 of the Code, that the PUC complied with Section 703(e) of the Code and that the PUC did not abuse its discretion in entertaining Dayton's untimely exceptions and characterizing Dayton's petition as one of reconsideration, we affirm.

## ORDER

NOW, January 19, 1990, the order of the Public Utility Commission in the above-captioned matter is hereby affirmed.

---

4. Section 703(g) states:

**Rescission and amendment of orders.**—The commission may, at any time, after notice and after opportunity to be heard as provided in this chapter, rescind or amend any order made by it. Any order rescinding or amending a prior order shall, when served upon the person, corporation, or municipal corporation affected, and after notice thereof is given to the other parties to the proceedings, have the same effect as is herein provided for original orders.