578 A.2d 75

**WEST PENN POWER COMPANY, Petitioner,**

v.

**PENNSYLVANIA PUBLIC UTILITY COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 15, 1990.

Decided July 16, 1990.

Reargument Denied August 28, 1990.

John L. Munsch, Greensburg, with him, Robert T. Vogler, Pittsburgh, for petitioner.

Terrance J. Buda, Asst. Counsel, with him, Frank B. Wilmarth, Deputy Chief Counsel, John F. Povilaitis, Chief Counsel, for respondent.

Before CRAIG, President Judge, SMITH, J., and NARICK, Senior Judge.

CRAIG, President Judge.

West Penn Power Company (West Penn) appeals from an order of the Pennsylvania Public Utility Commission (PUC) which adopted a decision of an Administrative Law Judge (ALJ) that West Penn violated section 1501 of the Public Utility Code, 66 Pa.C.S. § 1501, by removing 74 trees from Barbara Brown's property and by failing to notify Brown of the removal. However, the PUC order reduced the fine imposed by the ALJ from $16,000 to $2,000.

The issue is whether West Penn violated its obligation, under that Code section, to render reasonable, adequate and efficient service. This court's decision is to affirm the PUC.

The ALJ found that Brown is the owner of a two-acre tract of land. West Penn owns a right-of-way that extends across the front of Brown's property. The right-of-way agreement between West Penn and Brown's predecessor in title provides in pertinent part:

> West Penn Power Company is also hereby given the right to enter upon said land for the above purposes, together with the right to cut and trim or remove trees and shrubbery whenever necessary to maintain the said transmission system and keep it and all parts thereof free from interference, or to protect said system or any part thereof, from possible falling timber; and grantors agree not to create any hazard to or to interfere with the Company's full and proper use of the said transmission system.

On May 23, 26 and 27, 1988, West Penn's vegetation removal contractor, Asplundh Tree Expert Company (contractor), removed 74 trees from Brown's property. The contractor removed trees that were located within and beyond the West Penn right-of-way. Neither West Penn nor the contractor notified Brown of the vegetation removal.

On November 16, 1988, Brown filed a complaint with the PUC alleging that West Penn removed approximately 78 trees from her property without properly notifying her. Brown requested that the PUC order West Penn to be more responsible in the future and asked the PUC to recommend a reasonable financial settlement.

After a hearing, the ALJ issued an initial decision on May 22, 1989. The ALJ found that West Penn's negligent, unreasonable and outrageous conduct in cutting down 74 trees and West Penn's failure to notify Brown of the tree removal constituted violations of section 1501 of the Public Utility Code. The ALJ assessed a civil fine of $1,000 against West Penn for failing to identify and notify Brown

of the removal, and assessed a $15,000 fine for the excessive tree removal. The ALJ decision also concluded that the PUC did not have authority to award Brown damages.

On June 9, 1989, West Penn filed exceptions to the ALJ's initial decision. In an order entered September 6, 1989, the PUC adopted the ALJ's initial decision except that the PUC reduced the fine for the excessive tree removal to $1,000. This appeal followed.

■ The question of law is whether the Code section meaning embraces the utility's conduct here, and the factual question is whether substantial evidence supports the PUC's finding.[1]

## 1. Tree Removal

■ Although West Penn has a right-of-way agreement dated December 11, 1948, which permits West Penn "to cut and trim or remove trees and shrubbery whenever necessary...." we agree with the commission that substantial evidence exists to support the finding that West Penn failed to conduct the right-of-way vegetation maintenance on Brown's property in a reasonable manner.

On May 23, 26 and 27, 1988, the contractor removed a total of 74 trees from Brown's property. The contractor removed trees located within and beyond the West Penn right-of-way.

The record indicates that the contractor trimmed trees on the adjacent landowner's property and piled the limbs on the property. In contrast, the contractor cut down the trees on Brown's property and did not attempt to clean up the debris until August, when Brown contacted West Penn and asked that the logs and debris not be removed from her property.

1. Our scope of review is limited to determining whether constitutional rights have been violated, an error of law has been committed, or whether the PUC's findings are supported by substantial evidence. *Mill v. Pennsylvania Public Utility Commission,* 67 Pa.Commonwealth Ct. 597, 447 A.2d 1100 (1982).

■ Although the right-of-way agreement permits West Penn to engage in vegetation maintenance, section 1501 of the Code requires public utilities to provide service which is adequate, efficient, safe and reasonable. Section 1501 provides, in pertinent part:

### § 1501. Character of service and facilities

Every public utility shall furnish and maintain adequate, efficient, safe, and reasonable service and facilities, and shall make all such repairs, changes, alterations, substitutions, extensions, and improvements in or to such service and facilities as shall be necessary or proper for the accommodation, convenience, and safety of its patrons, employees, and the public. Such service also shall be reasonably continuous and without unreasonable interruptions or delay. Such service and facilities shall be in conformity with the regulations and orders of the commission.

Section 102 of the Code, 66 Pa.C.S. § 102, defines the word "service" as follows:

Used in its broadest and most inclusive sense, includes *any and all acts* done, rendered, or performed, and any and all things furnished or supplied, and any and all facilities used, furnished, or supplied by public utilities, .... (Emphasis added.)

Thus, the section clearly indicates that the utility's "service" is not confined to the distribution of electrical energy, but includes "any and all acts" related to that function.

Section 501(a) of the Code, 66 Pa.C.S. § 501(a), provides that "the commission shall have full power and authority, and it shall be its duty to enforce, execute and carry out, by its regulations, orders, or otherwise, all and singular, the provisions of this part, and the full intent thereof...."

The appellate courts have considered the issue of adequacy and reasonableness of service by public utilities on previous occasions and have determined that certain acts, done while rendering a service, were actionable under the Code. *AT & T Communications of Pennsylvania v. Penn-*

*sylvania Public Utility Commission,* 130 Pa.Common-
wealth Ct. 595, 568 A.2d 1362 (1990). The PUC is correct in
concluding that vegetation maintenance is a service and
that West Penn's clearing of the entire 40–foot right-of-way
and West Penn's removal of trees outside of the right-of-
way did not constitute reasonable and adequate service.

### 2. Notice

West Penn argues that neither the right-of-way
agreement nor any of the PUC's regulations require West
Penn to notify a landowner before removing vegetation.

However, because vegetation maintenance is a service
under section 1501 of the Code, West Penn violated the
Code in that it acted unreasonably in failing to notify
Brown of the intended removal. An employee of West
Penn testified that, when extensive vegetation removal is
planned, West Penn does attempt to contact the landowner.

Q: Does West Penn perform any title searches to see
who the current owner of the property is?

A: If we get into a place where there is a real lot of
major work where a lot of trees need to come down and
maybe haven't been taken down before, we'll take all the
steps possible, and I have in several cases researched and
found the property owner and contacted them.

The record indicates that West Penn normally posts a
notice on the doors of absent homeowners to notify them of
vegetation removal. In this case, because Brown's property
is not developed, West Penn could not readily communicate
with Brown about the proposed vegetation removal. More-
over, an employee of West Penn testified that he spoke with
the owners of the property adjacent to Brown's before
removing vegetation, and that neither landowner indicated
that an intervening landowner existed. However, West
Penn had reason to know of an intervening landowner
because of the right-of-way agreement, yet failed to take
any steps to ascertain and notify the owner of the removal.

Because of the extensive vegetation removal in this case,
we agree with the PUC that West Penn's failure to use

reasonable means to identify and notify Brown of the tree removal is a violation of section 1501 of the Code.

Accordingly, we conclude that substantial evidence exists to support the PUC's determination that West Penn violated section 1501 of the Code by removing 74 trees located within and outside of the right-of-way and by failing to use reasonable means to notify Brown of the substantial vegetation removal.

The decision of the PUC is affirmed.

## ORDER

NOW, July 16, 1990, the order of the Pennsylvania Public Utility Commission, Decision No. C–882130, entered September 6, 1989, is affirmed.